NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11844


ROSANNE SLINEY  vs.  DOMENIC A. PREVITE, JR., & others.[1]



Middlesex.     October 8, 2015. - December 9, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.



Child Abuse.  Limitations, Statute of.  Due Process of Law,
    Child abuse, Statute of limitations, Retroactive
    application of statute.  Practice, Civil, Statute of
    limitations.  Statute, Retroactive application.




    Civil action commenced in the Superior Court Department on
January 30, 2012.

    The case was heard by Thomas R. Murtagh, J., on a motion
for judgment on the pleadings.

    After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


    Carmen L. Durso (Mark F. Itzkowitz with him) for the
plaintiff.
    Sylvia Katsenes for the defendant.
    Marci A. Hamilton, of Pennsylvania, & Erin K. Olson, for
National Center for Victims of Crime & others, amici curiae,
submitted a brief.

_____

    [1] Michael Moe Nos. 1-10.

BOTSFORD, J.  Until June, 2014, civil actions alleging sexual abuse of a minor, which may be brought pursuant to G. L. c. 260, § 4C (§ 4C), were governed by a three-year statute of limitations.  G. L. c. 260, § 4C, as amended through St. 2011, c. 178, § 19.  Section 4C was amended effective June 26, 2014, to extend the limitations period from three years to thirty-five years; the amending act contained a retroactivity provision, and an emergency preamble.  St. 2014, c. 145, §§ 5, 8.  The plaintiff, Rosanne Sliney, filed an action in 2012 alleging that her uncle, the defendant Domenic A. Previte, Jr., had sexually abused her between 1968 and 1977, when she was a child. Judgment entered in the Superior Court in June, 2012, dismissing the complaint on statute of limitations grounds.  We consider here two questions:  whether, in the circumstances presented, § 4C's extended statute of limitations applies to the plaintiff's case, and, if so, whether the retroactive application is constitutional.  We answer both questions yes and, as a consequence, vacate the Superior Court judgment.[2]

Background.  1.  Factual background.  In the Superior Court, this case was decided on Previte's motion for judgment on the pleadings.  See Mass. R. Civ. P. 12 (c), 365 Mass. 754

---

[2] We acknowledge the amicus brief submitted by the National Center for Victims of Crime, Massachusetts Citizens for Children, BishopAccountability.org, Survivors Network of those Abused by Priests, Child Justice, Foundation to Abolish Child Sex Abuse, Horace Mann Action Coalition, and MaleSurvivor.

(1974).  We recite here the facts alleged in Sliney's complaint and for purposes of this appeal we assume the facts to be true. Jarosz v. Palmer, 436 Mass. 526, 529-530 (2002) (motion for judgment on pleadings filed by defendant is essentially motion to dismiss).  From the time she was five years old in 1968 until she was fourteen years old in 1977, Sliney was sexually abused many times by Previte, her uncle.  She required psychiatric treatment to deal with issues related to the abuse, and was hospitalized on numerous occasions for the same reason, beginning when she was approximately twenty-four years old.

Sliney began to recall some of the abuse by Previte beginning in 1988, and confided in her relatives.  Thereafter, Previte wrote a letter of apology to Sliney and asked for her forgiveness.  Sliney was under family pressure to forgive Previte, and in March of 1991, Sliney was coerced into signing a document that purportedly released Previte from all claims in exchange for a payment of $26,500; Sliney's mental state was such at the time that she did not understand the nature of this document.  Thereafter, she continued to require mental health hospitalizations.  At some point in 2011, Sliney began to recall new, different memories that Previte, in addition to committing

acts of sexual abuse himself, had forced her to engage in sexual acts with other men who were unknown to her.[3]

On January 30, 2012, Sliney filed this action in the Superior Court.  The complaint named Previte and Michael Moe Nos. 1-10[4] as defendants and alleged the facts just summarized.  Previte answered the complaint and filed a motion for judgment on the pleadings that sought dismissal of the complaint on the grounds that (1) the statute of limitations had already run before Sliney filed her complaint, and (2) the release executed by Sliney in 1991 foreclosed her from raising her claims against Previte.  In response, Sliney argued in part that the abuse she suffered as a result of being forced by Previte to engage in sexual activities with other men was distinct from the acts of sexual abuse committed directly by Previte and she reasonably could not have discovered that abuse until 2011 -- i.e., within the limitations period of three years.  She also contended that the release she signed was invalid.  In June, 2012, a judge in the Superior Court allowed Previte's motion and entered judgment dismissing the complaint against him on the basis that the action was filed after the three-year statute of limitations

---

[3] The complaint does not specifically identify the time period in which Previte allegedly forced Sliney to engage in sexual activity with these other men.

[4] Michael Moe Nos. 1-10 are the men with whom Sliney alleges she was forced to engage in sexual activities by Previte.

that had been prescribed by § 4C had expired.[5] The motion judge concluded that Sliney knew of the sexual abuse by Previte as of 1988, and the fact that she remembered additional incidents did not extend the limitations period beyond the three-year period ending in 1991. The motion judge did not address the validity of the release. Sliney filed a timely appeal in the Appeals Court, which, on December 31, 2013, affirmed the Superior Court judgment on statute of limitations grounds in a decision issued pursuant to its rule 1:28.

In January, 2014, Sliney filed a petition for rehearing in the Appeals Court and thereafter an application for further appellate review in this court. See Mass. R. A. P. 27, as amended, 410 Mass. 1602 (1991); Mass. R. A. P. 27.1, as amended, 441 Mass. 1601 (2004). On June 26, 2014, while the petition and application were still pending in the respective courts, the Legislature enacted St. 2014, c. 145 (act), enlarging the limitations period in § 4C for civil actions alleging sexual abuse of a minor from three years to thirty-five years. Section 8 of the act contains a retroactivity provision. St. 2014, c. 145, § 8. After the act's passage, Sliney filed a variety of motions in the Appeals Court, seeking relief based on the

---

[5] On July 10, 2012, an amended judgment entered that dismissed the complaint as to Michael Moe Nos. 1-10 as well as Previte.

provisions of the act.[6]  These motions were denied.[7]  In August,
2014, Sliney filed in this court a second application for
further appellate review.  We allowed both of Sliney's
applications.

2.  Statutory Background.  As originally enacted in 1993,
§ 4C provided that "[a]ctions for assault and battery alleging
the defendant sexually abused a minor shall be commenced within
three years of the acts alleged to have caused an injury or
condition" or three years from when the victim reasonably
discovered the injury was caused by the acts, although the time
for a child to commence an action under the statute was tolled
until the child turned eighteen.  G. L. c. 260, § 4C, inserted
by St. 1993, c. 307.  The act substantially enlarged the

---

[6] In Sliney's case, according to the facts alleged in the
complaint, the abuse by Previte ended in 1977, and she filed her
complaint in the Superior Court in January of 2012.  Also
according to the complaint, Sliney would have turned eighteen in
1981.  Therefore, accepting the complaint's alleged facts as
true, Sliney's allegations of abuse may fall within the amended
statute of limitations in St. 2014, c. 145 (act); at least an
issue is presented for the fact finder.

[7] In the Appeals Court, Sliney filed a motion to stay the
appeal and for leave to file a motion for relief from judgment
pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), in
the Superior Court; a motion to reconsider; and a motion for
full court review by the Appeals Court pursuant to G. L.
c. 211A, § 11.  Sliney also filed a motion in this court to stay
the action on her application for further appellate review and
for leave to file a motion for relief from judgment in the
Superior Court, which was referred to a single justice, and
ultimately denied.

limitations period, and also replaced the phrase "actions for assault and battery," with "actions of tort."[8]  St. 2014, c. 145, § 4.  As amended by the act, the first paragraph of § 4C provides:

> "Actions of tort alleging the defendant sexually abused a minor shall be commenced within [thirty-five] years of the acts alleged to have caused an injury or condition or within [seven] years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever period expires later; provided, however, that the time limit for commencement of an action under this section is tolled for a child until the child reaches eighteen years of age."[9]

G. L. c. 260, § 4C, as amended through St. 2014, c. 145, §§ 4-6. Section 8 of the act defines the act's retroactive effect.  It provides in relevant part that the act's amendments to § 4C "shall apply regardless of when any such action or claim shall have accrued or been filed and regardless of whether it may have lapsed or otherwise be barred by time under the law of the

---

[8] The act was not the first time that G. L. c. 260, § 4C (§ 4C), was amended following its enactment in 1993.  The Legislature amended § 4C in 2010 and 2011, but those amendments did not make any changes to the three-year limitation periods covering alleged acts of abuse and discovery of injury related to such acts.  See St. 2010, c. 267, §§ 49-51; St. 2011, c. 178, § 19.

[9] The second paragraph of § 4C provides that for purposes of § 4C, "'sexual abuse' . . . mean[s] the commission of any act against a minor as set forth in" a number of criminal statutes that are listed at the end of the paragraph.

commonwealth."[10]  St. 2014, c. 145, § 8.  The act also contains an emergency preamble that states, "Whereas, [t]he deferred operation of this act would tend to defeat its purpose, which is to increase forthwith the statute of limitations in civil child sexual abuse cases, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public safety."  Accordingly, the act's enlargement of § 4C's statute of limitations was effective on the date of the act's approval, June 26, 2014.

Discussion.  1.  Application of the act.  Whether a statute applies to events occurring prior to the date on which the statute takes effect is in the first instance a question of legislative intent.  Smith v. Massachusetts Bay Transp. Auth.,

---

[10] The act also enacted G. L. c. 260, § 4C½, which provides:

"An action of tort alleging that the defendant negligently supervised a person who sexually abused a minor or that the defendant's conduct caused or contributed to the sexual abuse of a minor by another person shall be commenced within the later to expire of:  (i) [thirty-five] years of the acts alleged to have caused an injury or condition to such minor; or (ii) [seven] years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by such act; provided, however, that the time limit for commencement of such an action under this section shall be tolled for a child until the child reaches [eighteen] years of age."

There is no claim raised by either party in this case that § 4C½ applies to any of the claims raised in Sliney's complaint.  We do not consider in this opinion any question relating to § 4C½ or the retroactivity provisions in § 8 of the act that apply to § 4C½.

462 Mass. 370, 372 (2012). If "the language of a statute is plain and unambiguous, it is conclusive as to legislative intent." Thurdin v. SEI Boston, LLC, 452 Mass. 436, 444 (2008). Where there is no express legislative directive, this court generally applies the rule of interpretation that statutes operate prospectively. See Federal Nat'l Mtge. Ass'n v. Nunez, 460 Mass. 511, 516 (2011) (Nunez), and cases cited. Nevertheless, a statute will be applied retroactively if "it appears by necessary implication from the words, context or objects of [the amendments] that the Legislature intended [them] to be retroactive in operation" and the retroactive intention is "unequivocally clear" (quotations omitted). Smith, supra at 376-377. See Nunez, supra. Here, we deal with a statute that regulates practice and procedure and affects remedies, but far more to the point, the Legislature has made its intention about retroactive operation both clear and unequivocal: § 8 of the act expressly states that the act's expansion of the limitation periods in § 4C is to apply "regardless of when any such action or claim [relating to sexual abuse of a child] shall have accrued or been filed and regardless of whether it may have lapsed or otherwise be barred by time" (emphasis added).

Previte does not dispute that the Legislature intended the act's new limitations period to apply retroactively, but argues that the act does not apply to this case for two reasons.

First, he contends that even where a statutory amendment is procedural in nature -- as is the case with an alteration of a statutory limitations period, see generally Boston v. Keene Corp., 406 Mass. 301, 312 (1989) (Keene Corp.) -- the amendment applies only if the case has not yet gone beyond the procedural stage to which the amendment pertains. His second point is that, in any event, retroactive legislation does not apply to judgments that are final and, in this case, there was a final judgment.

Both of Previte's arguments fail. With respect to the first, this court has recognized the principle that "statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights . . . commonly are treated as operating retroactively, and as applying to pending actions or causes of action." Fontaine v. Ebtec Corp., 415 Mass. 309, 318 (1993), quoting City Council of Waltham v. Vinciullo, 364 Mass. 624, 626 (1974) (Vinciullo). In that context, as Previte states, we generally apply the interpretive rule that a statute will be construed to apply to a pending case only if the point in the proceedings to which the statute is relevant has not yet passed. See Vinciullo, supra at 628. See also Porter v. Clerk of the Superior Court, 368 Mass. 116, 118 (1975). However, that rule applies only where the Legislature has not expressly indicated whether the statute in

question is to be applied retroactively. Our task is to interpret the Legislature's intention on this subject. See, e.g., Vinciullo, supra at 626-629. See also Leibovich v. Antonellis, 410 Mass. 568, 576 n.6 (1991). Where the Legislature has "expressly stated" that the statute should be applied retroactively, we follow the legislative directive. Id. at 576. That is the case here; the Legislature has specified in § 8 of the act that the expanded limitations period is to apply to cases "regardless of when any such action or claim shall have . . . been filed," rendering the point of the proceeding no longer relevant.

Previte's second argument is that the act cannot apply to this case because (1) at the time that judgment entered in the Superior Court and was affirmed thereafter by the Appeals Court, the applicable statute of limitations was three years; (2) both courts were correct in concluding that the three-year limitations period had already run when Sliney filed her complaint in 2012, given that the complaint alleges Sliney became aware of the abuse in 1988 when she was twenty-four; and (3) where the Superior Court judgment was correct based on the law in effect at the time it was entered -- especially where the correctness was confirmed by a decision of the Appeals Court -- the Superior Court judgment was "final" and not subject to being

altered based on a change in the law enacted thereafter.[11]  For purposes of considering Previte's argument, we will assume without deciding that the act's enlargement of the statute of limitations could not be applied to a case on which final judgment has entered and in which all avenues of appeal had been exhausted or were no longer available.  See Vinciullo, 364 Mass. at 627.  But this assumption does not assist Previte here because even if the Superior Court judgment and affirmance by the Appeals Court were correct at the time they entered,[12] Sliney's timely filed petition for rehearing and first application for further appellate review were both pending on the act's effective date on June 26, 2014.  Therefore, for the reasons we next explain, the judgment in Sliney's case was not "final" by the effective date.

A judgment is not final simply by virtue of the fact that judgment entered in the Superior Court, even when the judgment was legally correct, nor is it final when affirmed by the

---

[11] Previte has not cited any case or other authority, and we have found none, to support such an approach to finality, which appears to treat separately the individual stages of the appeals process and also to consider the substantive merits of the case.

[12] Sliney contests this point.  As previously noted, she argues that her allegations of abuse at the hands of other men with whom Previte allegedly forced her to engage in sexual activities were distinct acts of abuse that she reasonably could not have discovered until 2011, and therefore the statute of limitations had not run when she filed the complaint in 2012.  See Riley v. Presnell, 409 Mass. 239, 243-244, 246-247 (1991).

Appeals Court. Rather, a judgment becomes final and the case is closed only when all appeals are resolved or the time for appeal has expired. See Reporters' Notes to Rule 54 (a) (1973), Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 896 (LexisNexis 2012) ("Under the [r]ules [of civil procedure], 'judgment' is merely the final adjudicating act of the trial court, and starts the timetable for appellate review").[13] See also Foxworth v. St. Amand, 457 Mass. 200, 206 (2010) (end of appellate process is issuance of rescript to trial court, which does not occur while petition for rehearing or application for further review is pending); Verizon New England Inc. v. Board of Assessors of Newton, 81 Mass. App. Ct. 457, 461-462 & n.9 (2012). Cf. Hanover Ins. Co. v. United States, 880 F.2d 1503, 1509 (1st Cir. 1989), cert. denied, 493 U.S. 1023 (1990) (Federal Tax Court decision is final when time for filing petition for rehearing after denial of petition for writ of certiorari has passed).[14] Section 8 of the act states that the

---

[13] Other rules of procedure reinforce this point. See Mass. R. Civ. P. 62 (a), as amended, 423 Mass. 1409 (1996) ("Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the time for appeal from the judgment has expired"); Mass. R. Civ. P. 62 (d), 365 Mass. 829 (1974) ("Except as otherwise provided in these rules, the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal").

[14] Cf. Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (in context of Federal habeas corpus review, State conviction and "sentence become final for purposes of retroactivity analysis

extended statute of limitations applies to any action or claim regardless of when it was filed, signifying at the very least that the act applies to any action that was pending at the time of enactment. Given the posture of this case before the Appeals Court and this court on the effective date of the act, Sliney's case was still pending. The act's retroactive enlargement of the statute of limitations applicable to claims brought under § 4C applies to this case.

2. <u>Constitutionality of the act's retroactivity provision</u>. Previte claims that if the act's revised limitations period does apply to Sliney's action, the act is unconstitutional as applied to him. In particular, he argues that (1) the act interferes with his substantive, "vested" right in the Superior Court judgment dismissing Sliney's action on statute of limitation grounds; (2) the act violates his rights to procedural due process because the passage of time since 1991, when the statute of limitations originally ran in this case, will make it virtually impossible for him to defend himself against Sliney's claims; and (3) the act, by reaching back in time as far as it

---

when the availability of direct appeal to the [S]tate courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"); <u>Clay</u> v. <u>United States</u>, 537 U.S. 522, 527 (2003) (in postconviction context, "finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

does (a minimum of thirty-five years), fails the required test of reasonableness -- a test that asks "whether it is equitable to apply the retroactive statute" in a particular case. See American Mfrs. Mut. Ins. Co. v. Commissioner of Ins., 374 Mass. 181, 191 (1978). Accord Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 788 (2008) (Doe No. 8725).

"We must apply every rational presumption in favor of the [act's] constitutionality," Anderson v. BNY Mellon, N.A., 463 Mass. 299, 308 (2012), and Previte, in challenging it, "bears a heavy burden" of showing otherwise. St. Germaine v. Pendergast, 416 Mass. 698, 703 (1993). See Keene Corp., 406 Mass. at 305 (challenge to constitutionality of statute expanding limitations period governing certain asbestos-related claims; "[t]he sole issue is whether the statute falls within the legislative power to enact, not whether it comports with a court's idea of wise or efficient legislation"). Because Previte's first two constitutional arguments may appropriately be considered as part of our evaluation of Previte's third claim, we turn to that third claim.

In evaluating the reasonableness of applying a statute retroactively, there are three principal factors that we examine: the public interest that motivated the Legislature to enact the statute, the nature of the rights affected by the

retroactivity, and the scope of the impact of the statute on those rights. See Anderson v. BNY Mellon, N.A., 463 Mass. at 308.

The purpose of the act, as reflected in its preamble, and reinforced by legislative history,[15] is to preserve public safety and protect children who have been abused by enabling them to seek a remedy for severe injuries that they did not appreciate for long periods of time due to the abuse.[16] See Riley v. Presnell, 409 Mass. 239, 246-247 (1991). Cf. Commonwealth v. Dockham, 405 Mass. 618, 628-630 (1989) (permitting expert testimony to explain that delayed or gradual disclosure are commonly recognized clinical phenomena related to child sexual abuse). This is unquestionably an important public purpose; there is a strong interest and a "well-established community consensus in favor of protecting children from abuse." Roe No. 1 v. Children's Hosp. Med. Ctr., 469 Mass. 710, 718 (2014). Victims often suffer injuries for decades after the physical

---

[15] See Remarks of Senator William N. Brownsberger, 2014 Senate J. 16. See also 2014 House J. 1520. The act passed both legislative branches unanimously. See St. 2014, c. 145; 2014 House Doc. No. 4126; 2014 Senate Doc. No. 633.

[16] The discovery limitations period provides one avenue of achieving this important goal. We need not inquire why the Legislature also extended the statute of limitations to thirty-five years of the sexual abuse alleged; however, one compelling explanation may be to reduce the litigation over when a victim discovered or reasonably should have discovered the alleged cause of action.

acts of abuse occurred, and the extended statute of limitations provides the victim appropriate time to recall past acts and face the traumatic childhood events before he or she must take action.  See Doe v. Hartford Roman Catholic Diocesan Corp., 317 Conn. 357, 419-420 (2015) (upholding constitutionality of retroactive application of statutory amendment increasing to thirty years statute of limitations applicable to civil actions for child abuse); Sheehan v. Oblates of St. Francis de Sales, 15 A.3d 1247, 1258-1260 (Del. 2011) (holding constitutional statute abolishing statute of limitations for claims of childhood sexual abuse and creating two-year window for revived claims); Deutsch v. Masonic Homes of Cal., Inc., 164 Cal. App. 4th 748, 752, 759 (Cal. Ct. App. 2008) (statute extending statute of limitations from one to eight years and creating window for revival of otherwise time-barred claims arising out of childhood sexual abuse held constitutional).

We next consider the rights affected by § 8 of the act. Previte asserts that he has a vested property right in having Sliney's action dismissed, and application of the act to him deprives him of this right.  We previously have rejected a claim that a defendant has a protected right to avoid legal claims being brought against him by virtue of the running of a statute of limitations.  See Keene Corp., 406 Mass. at 312-313 ("the defendants' interest in the limitations defense is procedural

rather than substantive. . . . [I]n cases not involving claims to real property, the running of the applicable limitations period bars only the legal remedy, while leaving the underlying cause of action unaffected"). The United States Supreme Court has reached a similar conclusion. See Campbell v. Holt, 115 U.S. 620, 628 (1885) ("We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right . . ."). See also Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 316 (1945) ("lifting the bar of a statute of limitation so as to restore a remedy lost through mere lapse of time" is not violation of Fourteenth Amendment unless defendant can show it creates hardship and oppression). Previte further argues he has a vested interest in the Superior Court's correct-at-the-time judgment of dismissal. But Previte could not have a vested interest in either the Superior Court's decision or the Appeals Court's affirmance of that decision, because the judgment could still be overturned on rehearing in the Appeals Court or further appellate review. See American Steel Foundries v. Tri-City Cent. Trades Council, 257 U.S. 184, 201 (1921) (plaintiff had no "vested right" in decree entered by District Court while it was subject to review). This court has long recognized that if "the object and operation" of a legislative measure is to "confirm and enforce rights, and to provide adequate and suitable remedies for the violation of them," the

retroactive application does not impair any vested right of one against whom such rights are enforced.  Foster v. Essex Bank, 16 Mass. 245, 269, 273-274 (1819) (upholding retroactive application of statute requiring all corporations, including those previously organized, to continue in existence for three years beyond time established in organizational charters, for purpose of suing and being sued and settling business obligations).

Previte claims that the act interferes with his procedural due process right to be able to defend himself adequately against a claim of sexual abuse alleged to have occurred long ago.  He mentions, for example, the inability to gather evidence and locate witnesses due to the passage of time.  We agree that a defendant has a legitimate interest in protecting himself from the obligation to defend against stale claims and the inherent difficulties involved in seeking to do so.  See Doe v. Hartford Roman Catholic Diocesan Corp., 317 Conn. at 422.  See also Chase Sec. Corp., 325 U.S. at 314 (statutes of limitation are "pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost").  However, Previte's interest must be balanced against the public interest that the act seeks to

protect and advance.  We consider this balance in connection with the third factor, to which we now turn.

The third factor is the extent to which the act abrogates or interferes with Previte's settled rights.  See Anderson, 463 Mass. at 312.  As just discussed, Previte has a legitimate interest in protecting against having to defend against stale claims, but he does not have a significant right to maintain a particular statute of limitations that was earlier in effect.  See Keene Corp., 406 Mass. at 313 ("the running of the limitations period . . . does not create a vested right which cannot constitutionally be taken away by subsequent statutory revival of the barred remedy").

That being said, in reviewing Previte's challenge to the retroactive operation of the act, it nonetheless is necessary to return to the essential requirement that a retroactive statute's burden must be "reasonable in scope and extent."  Doe No. 8725, 450 Mass. at 792.  "Only those statutes which, on a balancing of opposing considerations, are deemed to be unreasonable, are held to be unconstitutional."  American Mfrs. Mut. Ins. Co., 374 Mass. at 189-190.  Among the factors we weigh in assessing reasonableness are the duration of the burden imposed by the retroactive statute and "whether the scope of the statute is narrowly drawn to treat the problem perceived by the legislature."  Doe No. 8725, supra at 793.

Here, there is no question that the limitations period has been very substantially expanded; although the enlargement is not of "infinite duration," see id., thirty-five years is unquestionably a great deal longer than three.[17]  The extensive expansion of the statute of limitations undoubtedly affects a defendant's (and similarly a plaintiff's) ability to present evidence.  On the other hand, the extent of the expansion appears to be tied directly to the compelling legislative purpose underlying the act, and in particular, the apparent recognition that in many cases, victims of child abuse are not able to appreciate the extent or the cause of harm they experience as a result of sexual abuse perpetrated on them for many years after the abuse has ended.  See Remarks of Senator William N. Brownsberger, 2014 Senate J. 16.  Further, the act does not create a new liability; there can be no claim here that acts of sexual abuse committed on a child were permissible during the time that Sliney alleges she was sexually abused by Previte.  Cf. Leibovich, 410 Mass. at 578-579 ("The new statute in no way alters the standards for determining what kind of

---

[17] The expansion of the so-called discovery period -- i.e., the period of time following a person's discovery that he or she suffered abuse and in which she must commence the legal action -- from three to seven years -- is also significant, especially because the discovery period could expand the limitations period beyond thirty-five years if the alleged acts of abuse are discovered more than twenty-eight years after they are alleged to have occurred.

behavior constitutes negligence.  The defendant always had the obligation to drive in a non-negligent manner, and this obligation was not affected by [new statute creating right in parent to bring claim of loss of consortium of child]").  Contrast Pielech v. Massossoit Greyhound, Inc., 441 Mass. 188, 194 (2004) (where statute previously covered discrimination based on beliefs only of organized religions, amendment permitting discrimination claim based on sincerely held religious beliefs [whether derived from organized religion or not] would not be applied retroactively; under amendment, "the defendant will be held to an obligation that the law did not require of it at the time of the incident").  Nor does the act predetermine the defendant's liability; it only removes a procedural defense.  See Keene Corp., 406 Mass. at 313.  The balance of interests here supports the validity of the act and its application to Sliney's action in particular.

Finally, Previte argues that § 8 violates the "standing laws" provision of art. 10 of the Massachusetts Declaration of Rights.[18]  Article 10 prohibits "the enactment of special legislation that singl[es] out any [individual] for special

---

[18] The first sentence of art. 10 provides:  "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws."  We have interpreted "standing laws" to mean enacted legislation of general application.  See Commissioner of Pub. Health v. Bessie M. Burke Memorial Hosp., 366 Mass. 734, 742 (1975).

privileges or advantages at the expense of the rights of another" (quotation and footnote omitted). Kienzler v. Dalkon Shield Claimants Trust, 426 Mass. 87, 89 (1997). Previte's challenge places a heavy burden on him to rebut the presumption in favor of the constitutionality of a legislative enactment. Id.

Previte has failed to show that the act, and specifically its retroactivity provision in § 8, singles out certain individuals for special advantages and thereby violates art. 10. In Keene Corp., 406 Mass. at 306-311, this court considered a similar argument that the statute in question there, which extended the limitations period for certain asbestos-related claims that could be brought by the Commonwealth and its political subdivisions, violated the standing laws guarantee of art. 10. We concluded that there was no violation. Id. at 311. Even though private parties were excluded from taking advantage of the limitations period expansion the statute provided, the statute still benefited a relatively large group, as compared to other cases challenging statutes that benefited only a single named individual, and in which a violation of art. 10's standing laws provision had been found to exist. See, e.g., Holden v. James, 11 Mass. 396, 401, 403-405 (1814); Paddock v. Brookline, 347 Mass. 230, 231, 236-237 (1964); St. Germaine, 416 Mass. at 703-704. While Previte may be correct that there is no

certainty in the number of persons who will benefit from the act's retroactive application, this is not decisive; neither § 8 nor any other provision in the act singles out a small group of individuals to benefit.

3. Validity of the release. Finally, Previte argues that even if the act is constitutional and applies here, the release that Sliney signed in 1991 bars her from bringing this action or asserting any claims against Previte related to alleged sexual abuse by him. Neither the motion judge in the Superior Court nor the Appeals Court addressed this claim, and we are not in a position to do so on the basis of the record before us. Sliney's complaint appears to raise factual issues concerning the validity of the release. However, this case was decided below on a motion for judgment on the pleadings and it may well be that no discovery between the parties has taken place. Because we have concluded that the act validly applies to Sliney's claims against Previte, the Superior Court judgment of dismissal must be vacated and the case remanded to that court. On remand, Previte may pursue his claim that the release bars Sliney from pursuing her case.

Conclusion. We vacate the judgment of the Superior Court and remand the case to that court for further proceedings consistent with this opinion.

So ordered.