NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12160

KRISTI KOE[1]  vs.  COMMISSIONER OF PROBATION & another.[2]

Suffolk.     May 1, 2017. - September 27, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, Budd, & Cypher, JJ.[3]

Sex Offender.  Practice, Criminal, Record.  Due Process of Law, Sex offender, Retroactive application of statute.  Statute, Retroactive application.

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 18, 2016.

The case was reported by Hines, J.

Beth Eisenberg (Catherine J. Hinton also present) for the plaintiff.
Susanne G. Reardon, Assistant Attorney General, for the defendants.

---

[1] A pseudonym.

[2] Acting director of the Department of Department of Criminal Justice Information Services.

[3] Justice Hines participated in the deliberation on this case prior to her retirement.

CYPHER, J.  In this case, we confront part of a statute that retroactively prohibits the plaintiff from ever sealing the record of her sex offenses because she was once classified as a level two sex offender, even though the Sex Offender Registry Board (SORB) has determined that the plaintiff no longer poses any cognizable degree of dangerousness or risk of reoffending, no longer believes that she should be classified as a level two sex offender, and has relieved her of the obligation to register as a sex offender.  The plaintiff argues that, as a applied to her, the retroactive statutory prohibition on sealing sex offenses violates her due process rights under the Massachusetts Declaration of Rights.  Because we agree with the plaintiff that the challenged portion of this statute, as applied to her, is retroactive and unreasonable, we conclude that it cannot be enforced against her.

Background.  We summarize the following facts from findings made by a Superior Court judge and by a SORB hearing panel, as well as from other record materials.

1.  Underlying offense and classification.  In 1995, Kristi Koe was found guilty by a Superior Court jury of one count of rape and abuse of a child, G. L. c. 265, § 23, and one count of indecent assault and battery on a child under age fourteen, G. L. c. 265, § 13B.  The offenses occurred in 1990, when Koe was twenty-two years old.  The victim was a twelve year old girl

who was then living with Koe and Koe's sister.  Over a ten-day period, Koe engaged in various sexual acts with the victim.

As a result of her convictions, SORB recommended, and Koe accepted, a classification as a level two sex offender, pursuant to G. L. c. 6, §§ 178C-178Q, and applicable regulations.  Her obligation to register as such commenced in 2003.[4]

2.  Reclassification hearing.  In 2013, Koe petitioned a SORB hearing panel for reclassification and relief from the obligation to register.  In its decision, the hearing panel considered the following evidence, which is incorporated into the record before this court.

Koe herself was sexually abused as a child.  At the time of her offenses in 1990, Koe suffered from drug and alcohol addiction, along with untreated head injuries and mental health issues.  However, the 2003 death of her mother was a turning point for Koe.  She promised her mother "she would turn her life around."

Koe accepted responsibility for her sex offenses and expressed remorse over the harm that she had inflicted upon the victim.  The events in 1990 were her only instance of sexual

---

[4] The sex offender registry law, first enacted in 1996, see St. 1996, c. 239, § 1, and rewritten in 1999, see St. 1999, c. 74, § 2, may apply to persons convicted before its enactment. See Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 785 (2008) (Doe No. 8725).  But see discussion at note 5, infra.

misconduct. Koe attended sex offender therapy in 1998 and again from 2010 to 2012, and completed a relapse prevention plan. One psychologist opined that Koe has "no deviant interests in children of any age" and does not otherwise fit the psychological profile of someone likely to reoffend. The hearing panel credited research showing an "extremely low" reoffense rate among female sex offenders.

Koe has been sober since 2009, having completed several addiction and recovery programs. She has received "extensive services" from mental health and vocational rehabilitation providers. She has participated in various support group programs, has a stable residence at a women's shelter, and has positive social supports.

Ultimately, the hearing panel concluded that Koe "present[ed] no cognizable risk to reoffend and no cognizable degree of dangerousness." However, the panel determined that, because Koe had been convicted of a "sexually violent offense," G. L. c. 6, § 178C, she was not eligible, as a matter of law, for relief from the obligation to register, see G. L. c. 6, § 178K (2) (d). Accordingly, it ordered her to register as a level one sex offender.

3. Superior Court proceedings. Koe appealed from the hearing panel's order to register to the Superior Court pursuant to G. L. c. 30A. In April, 2014, Koe obtained a preliminary

injunction ordering SORB to remove her from the sex offender registry and enjoining SORB from requiring her to register. In April, 2015, a Superior Court judge accepted SORB's conclusions regarding Koe's lack of dangerousness and entered an order granting Koe permanent relief.[5] SORB did not appeal from that ruling, and we take no position on it.

4. <u>Petition to seal</u>. Soon after being relieved of the obligation to register as a sex offender, Koe filed a petition with the Commissioner of Probation (commissioner) to seal her criminal record, pursuant to G. L. c. 276, § 100A, and related provisions. Section 100A contains a particular subsection that governs the sealing of sex offenses. It provides:

> "Sex offenses, as defined in [G. L. c. 6, § 178C], shall not be eligible for sealing for [fifteen] years following their disposition, including termination of supervision, probation or any period of incarceration, or for so long as the offender is under a duty to register in the commonwealth or in any other state where the offender

---

[5] The Superior Court judge based his decision on this court's opinion in <u>Doe No. 8725</u>. In that case, we examined whether the Sex Offender Registry Board (SORB) could retroactively apply the 1999 amendments to the sex offender registry law to subject the petitioner to mandatory lifetime registration based on the petitioner's preenactment (1979) conviction. <u>Doe No. 8725</u>, 450 Mass. at 781, 785-786. We held that such a retroactive application of the law was unreasonable, and therefore did not comport with due process, absent a hearing to assess the petitioner's level of dangerousness and risk of reoffense. <u>Id</u>. at 793. Based on that holding, the judge in Koe's case concluded that because SORB had already determined that Koe presented <u>no</u> level of dangerousness and <u>no</u> risk of reoffense, SORB could not, within the bounds of due process, impose the mandatory lifetime registration requirement upon her based upon a retroactive application of the registry law.

resides or would be under such a duty if residing in the commonwealth, whichever is longer; provided, however, that any sex offender who has at any time been classified as a level [two] or level [three] sex offender, pursuant to [G. L. c. 6, § 178K], shall not be eligible for sealing of sex offenses" (emphases added).

G. L. c. 276, § 100A (6). Under the criteria of this subsection, Koe's sex offenses would be eligible for sealing were it not for the final clause, which prohibits the sealing of sex offenses by someone who has ever been classified as a level two or level three sex offender. See id. Accordingly, in September, 2015, the commissioner responded that Koe was ineligible to seal her sex offenses because she was once classified as a level two sex offender.

5. Procedural history. Koe challenged the commissioner's response in March, 2016, by way of a complaint in the county court seeking declaratory, injunctive, and extraordinary relief. Without decision, the single justice reserved and reported the case to the full court.

Discussion. Koe argues that § 100A, as applied to her, is retroactive and unreasonable, and therefore unconstitutional.[6] The defendants dispute that § 100A applies retroactively and argue that, even if it does, it is constitutionally reasonable

_____

[6] She also argues that G. L. c. 276, § 100A, as applied to her, violates her substantive due process, procedural due process, and equal protection rights under the Federal and Massachusetts constitutions. Because our resolution of her retroactivity argument renders these claims moot, we do not reach them.

within the bounds of due process.  Therefore, we must decide whether § 100A applies retroactively to Koe and, if so, whether its application to her is reasonable.

1.  Retroactivity.  Generally, a statute operates retroactively when it "attaches new legal consequences to events completed before its enactment."  Moe v. Sex Offender Registry Bd., 467 Mass. 598, 607 (2014), quoting Landgraf v. USI Film Prods., 511 U.S. 244, 270 (1994).  The defendants argue that § 100A (6) did not attach a new legal consequence to Koe's classification as a level two offender because she was not eligible to seal her sex offenses at the time it became effective.  This argument misunderstands our cases applying the "new legal consequences" test.

For example, in the Moe case, we held that amendments to the sex offender registration law were retroactive because they attached a new legal consequence (Internet publication of a sex offender's registry information) to events completed before the date of enactment (SORB's final determination that the offender should be given a level two classification).  Moe, 467 Mass. at 609.  Similarly, we held that earlier amendments to the registration law were retroactive because they imposed mandatory lifetime registration with SORB based on the petitioner's preamendment conviction.  Doe, Sex Offender Registry Bd. No.

8725 v. <u>Sex Offender Registry Bd</u>., 450 Mass. 780, 787 (2008) (<u>Doe No. 8725</u>).

Section 100A (6) functions in a similar fashion with respect to Koe.  As applied to her, it attached a new legal consequence (a permanent prohibition against the sealing of sex offenses, effective in 2012) to an event that occurred nearly a decade earlier (SORB's classification of her, in 2003, as a level two sex offender).  This consequence did not exist at the time of Koe's classification in 2003.  See G. L. c. 276, § 100A, as amended through St. 1974, c. 525, and note 9, <u>infra</u>.  The defendants are correct that a prohibition against sealing is a different consequence from the registration-related consequences at issue in <u>Moe</u> and <u>Doe No. 8725</u>.  But such a difference does not change the fact that, in <u>Moe</u>, <u>Doe No. 8725</u>, and here, the consequences at issue arise only from a retroactive application of the statute to the petitioner.

The defendants' core argument -- that § 100A is not retroactive as applied to Koe because, at the time it was enacted, she was not yet eligible to seal her sex offenses -- amounts to an argument that we should apply the "vested substantive rights" test for retroactivity rather than the "new legal consequences" test.  See <u>Moe</u>, 467 Mass. at 607-608.  The "vested substantive rights" test examines "the rights and obligations of the parties as they existed immediately before

and after the effective date" of the challenged statute, and deems the statute retroactive "only where vested substantive rights of the parties have been adversely affected." Id., quoting McCarthy v. Sheriff of Suffolk County, 366 Mass. 779, 781 (1975). However, in Moe, supra at 609, we specifically rejected this test as "conclusory." We remarked that "[t]he impairment of a vested substantive right certainly qualifies as a new legal consequence that would render a statute retroactive, but it is not the only new legal consequence that would do so." Id. at 608.

We see no reason now to reconsider our adoption of the "new legal consequences" test. Accordingly, we conclude that § 100A applies retroactively to Koe.[7]

2. Reasonableness. Having determined that § 100A, as applied to Koe, operates retroactively, she bears the burden of making a factual showing that the statute is unreasonable in its application to her.[8] See Doe No. 8725, 450 Mass. at 788. The

_____

[7] Although not expressly argued by the parties, there can be little doubt that the Legislature intended for the challenged portion of § 100A to apply retroactively, as it prohibits sealing by "any sex offender who has at any time been classified as a level [two] or level [three] sex offender" (emphasis added). G. L. c. 276, § 100A (6). See Moe v. Sex Offender Registry Bd., 467 Mass. 598, 609-610 (2014) (discussing legislative intent and retroactivity).

[8] The challenged portion of § 100A explicitly incorporates components of the sex offender registration scheme, which we have said previously is "generally regulatory rather than

"principal inquiry" as to reasonableness asks "whether it is equitable to apply the retroactive statute against the plaintiff[]."  Id., quoting American Mfrs. Mut. Ins. Co. v. Commissioner of Ins., 374 Mass. 181, 191 (1978).  See Moe, 467 Mass. at 611 (discussing "special risks" posed by retroactive legislation and noting that justifications that satisfy due process for prospective legislation may not do so for retroactive legislation).  To decide the question of reasonableness, we consider three factors:  (1) the nature of the public interest which motivated the Legislature to enact the statute; (2) the nature of the rights affected; and (3) the extent or scope of the statutory effect or impact.  Doe No. 8725, 450 Mass. at 788, quoting American Mfrs. Mut. Ins. Co., supra.  Because Koe brings only an as-applied challenge to § 100A (6), we limit our review of the statute to the facts and circumstances of her case.

With respect to the first factor, two major public interests undergird § 100A:  protecting public safety and facilitating the rehabilitation of ex-offenders by enhancing their employment prospects.  See, e.g., Governor Patrick Signs Strong Anti-Crime Package To Protect Public Safety, Expand Job

punitive."  Doe No. 8725, 450 Mass. at 787-788 (discussing different standards for retroactive punitive laws as opposed to retroactive regulatory laws).  The parties do not challenge this.

Opportunities, Press Release, Aug. 6, 2010 (collecting statements of Governor, Lieutenant Governor, Senate president, and House speaker). Subsection (6) of § 100A was adopted in 2010 as part of a broad overhaul of the Commonwealth's system for regulating availability of criminal records. See generally St. 2010, c. 256, §§ 128-130. This overhaul "recalibrate[d] the balance between protecting public safety and facilitating the reintegration of criminal defendants by removing barriers to housing and employment." Commonwealth v. Pon, 469 Mass. 296, 307 (2014). The 2010 revisions expanded access to official criminal records for employers, housing providers, and licensing authorities. Id. at 303-304. This recognized, in part, that such entities "have legitimate business reason[s] for wanting to know prospective employees' or recipients' criminal histories" (quotations omitted). Id. at 304. To facilitate the goal of reintegration, however, the revisions contain certain procedural protections for defendants seeking employment, while also changing the automatic sealing provisions of § 100A and expanding discretionary sealing under § 100C. Id. at 305-306. These changes "strongly indicate[d] that the Legislature was concerned with the collateral consequences of criminal records and sought to make sealing broadly available to individuals whose criminal histories or records no longer presented concerns of recidivism." Id. at 306.

Regarding the second factor, the nature of the rights affected, the "recalibration" of § 100A affected important rights on both sides of the equation.  There can be little doubt that access to accurate criminal record information serves "important policy needs [of] employers, housing providers, and licensing authorities."  Pon, 469 Mass. at 304.  On the other side, the stakes are high for Koe as well.  We need not recognize a fundamental right to seal a criminal record in order to appreciate "what has been articulated widely in criminal justice research:  that gainful employment is crucial to preventing recidivism, and that criminal records have a deleterious effect on access to employment."  Id. at 307.  Sealing, in turn, "is a central means by which to alleviate the potential adverse consequences" that flow from the availability of such records.  See id.

The record in this case substantiates the general principle we acknowledged in Pon.  As a practical matter, the exposure of Koe's criminal record is virtually certain to damage her prospects for employment and housing.  In that way, the prohibition against sealing is likely to constitute a major barrier to her efforts to reestablish herself as a productive member of society -- a barrier that is not connected to any substantiated concern about Koe's present dangerousness or risk of reoffense.  Compare Doe No. 8725, 450 Mass. at 790

(recognizing that rights affected by lifetime registration requirement, "while not fundamental, are nevertheless substantial"). Again the defendants attempt to distinguish Doe No. 8725 by pointing out that the prohibition against sealing is a less-severe consequence than mandatory lifetime registration with SORB. Even so, that distinction does not diminish the potential quantum of harm that the bar to sealing will cause for Koe.

The third factor, the extent or scope of the impact of § 100A (6) upon Koe, primarily concerns the damage wrought to Koe's reliance interest at the time of her classification in 2002 and 2003. At that juncture, when Koe accepted SORB's recommended classification as a level two sex offender, the then-existing scheme generally permitted the sealing of felony offenses after a period of fifteen years, regardless of a sex offender's historic classification level.[9] See G. L. c. 276, § 100A, as amended through St. 1974, c. 525. Koe was entitled to reasonably rely on this state of the law. See Leibovich v. Antonellis, 410 Mass. 568, 578-579 (1991) (discussing reasonable reliance on previous state of law in context of retroactivity challenge). Indeed, she had no way of anticipating that, in

---

[9] At the time of Koe's classification in 2003, G. L. c. 6, § 178G, as amended through St. 1999, c. 74, § 2, prohibited relief under § 100A for so long as a sex offender had a duty to register with SORB. Because Koe has been relieved of that duty, § 178G is not at issue in this case.

2012, the Legislature would decide to use her 2003 classification as a reason to permanently prohibit her from sealing her sex offenses. Cf. Vartelas v. Holder, 566 U.S. 257, 272-275 (2012) (rejecting notion that presumption against retroactivity requires showing of detrimental reliance). Had Koe known of this consequence, she very well might have sought instead to be classified as a level one sex offender. See Moe, 467 Mass. at 614-615 (discussing "inequity" of retroactively requiring Internet publication of registry information for offenders who did not challenge level two classification based on accurate understanding that such classification, at the time, did not carry that consequence).

In examining this third factor, we also have weighed both "[1] the duration of the burden imposed by the retroactive statute and [2 'whether the scope of the statute is narrowly drawn to treat the problem perceived by the Legislature.'" See Sliney v. Previte, 473 Mass. 283, 294 (2015), quoting Doe No. 8725, 450 Mass. at 793.

The burden imposed by § 100A (6) is plainly "of infinite duration." Doe No. 8725, 450 Mass. at 792. It forever prohibits sealing based on a classification "at any time" as a level two or level three sex offender. G. L. c. 276, § 100A (6).

The question whether the statute is narrowly drawn to treat the problem perceived by the Legislature also raises concerns about its reasonableness as applied to Koe. We begin by reiterating that § 100A (6) was part of a package of legislation aimed at expanding access to reliable criminal record information for employers, housing providers, and others, in exchange for making "sealing broadly available to individuals whose criminal histories or records no longer present[] concerns of recidivism" and providing certain procedural protections governing the use of criminal records (emphasis added). See Pon, 469 Mass. at 306. The defendants argue that these procedural protections make § 100A (6) sufficiently narrowly drawn to survive a retroactivity challenge.

As applied to Koe, however, the core legislative bargain behind § 100A breaks down. Any "legitimate business reasons" (citation omitted), Pon, 469 Mass. at 304, that employers or housing providers may have for wanting to know about Koe's sex offenses are tempered, if not extinguished, by the administrative and judicial findings that she poses no cognizable degree of dangerousness and no risk of reoffense, and has been relieved of the obligation to register as a sex offender. These developments allow Koe to credibly demonstrate that she "no longer present[s] concerns of recidivism," id. at 306, in a way that many former offenders cannot and that § 100A

does not typically require.  Cf. <u>Doe No. 8725</u>, 450 Mass. at 793,
quoting <u>Smith</u> v. <u>Doe</u>, 538 U.S. 84, 117 (2003) (Ginsburg, J.,
dissenting) (weighing burden imposed when former sex offender is
required to register despite "the clearest demonstration of
rehabilitation" or "[h]owever plain it may be that [she]
currently poses no threat of recidivism").  At least in the
unique circumstances of this case, where Koe has been relieved
of the obligation to register with SORB, has been determined (by
SORB) to pose <u>no</u> cognizable degree of dangerousness and <u>no</u> risk
of reoffense, and otherwise meets the statutory criteria for
sealing, it is difficult to discern how <u>retroactively</u>
prohibiting her from sealing her sex offenses furthers the
<u>regulatory</u> legislative goals of protecting public safety and
rehabilitating former offenders.[10]

Balancing all of these factors, we conclude that § 100A (6)
is unreasonable as applied to Koe, and therefore violates her
constitutional right to due process of law.

<u>Conclusion</u>.  Because § 100A (6) is both retroactive and
unreasonable as applied to Koe, State constitutional due process
precludes us from enforcing it against her.  The case is
remanded to the single justice for entry of an order in favor of
the plaintiff.

---

[10] Any potential <u>punitive</u> legislative goals are not properly
part of this analysis.  See note 8, <u>supra</u>.

So ordered.