NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 32

No. 22-AP-200

| | |
|---|---|
| A.B. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Caledonia Unit, |
| | Civil Division |
| S.U. et al. | |
| | March Term, 2023 |

Mary Miles Teachout, J.

Thomas C. Nuovo of Bauer Gravel Farnham, LLP, Colchester, for Plaintiff-Appellee.

Tristram J. Coffin and Evan J. O'Brien of Downs Rachlin Martin PLLC, Burlington, for Defendant-Appellant S.U.

Charity R. Clark, Attorney General, Eleanor L.P. Spottswood, Solicitor General, and Rachel E. Smith, Deputy Solicitor General, Montpelier, for Intervenor-Appellee State.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **REIBER, C.J.** Plaintiff[1] sued defendants alleging childhood sexual abuse, and defendants moved to dismiss on the ground that the statute, which eliminated the prior limitations

---

[1] In the civil division, this case was designated as not publicly accessible under 12 V.S.A. § 522(b), which provides that a complaint alleging childhood sexual or physical abuse is sealed "until the answer is served or, if the defendant files a motion to dismiss under Rule 12(b) of the Vermont Rules of Civil Procedure, until the court rules on that motion. If the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed." After the motion to dismiss was denied and the appeal was filed, plaintiff asked this Court to unseal the case. Plaintiff argued that the purpose of § 522(b) was to protect a defendant from disclosure of a complaint without being able to challenge it and because the civil division had already determined that the allegations in the complaint are not frivolous, the statutory requirement to unseal was met. This Court denied the request to unseal the trial court record. See V.R.P.A.C.R. 6(*i*) (providing

period, was unconstitutional. The civil division denied the motion to dismiss, concluding that the limitations period was a procedural bar and defendants had no vested right in the expiration of the prior statute of limitations. Defendants[2] now bring this interlocutory appeal to determine whether 12 V.S.A. § 522 violates Chapter I, Article 4 of the Vermont Constitution by reviving an otherwise time-barred claim of childhood sexual abuse. We conclude that there is no constitutional violation and affirm.

## I. Statutory Backdrop

¶ 2. In 1990, the Vermont Legislature enacted 12 V.S.A. § 522, which created Vermont's first statute of limitations specific to claims for childhood sexual abuse. The statute required actions alleging childhood sexual abuse to be commenced within six years of the act or six years of the time the victim discovered the injury. 1989, No. 292 (Adj. Sess.), § 2. Prior to that enactment, claims of sexual abuse were subject to the general three-year limitations period for personal injuries. 12 V.S.A. § 512. Under 1 V.S.A. § 214(b)(1), legislative enactments generally do not "affect the operation of the act or provision prior to the effective date of the amendment." Notwithstanding this general provision, the 1990 enactment contained a retroactivity clause, making the six-year limitations period applicable to "all causes of action commenced on or after the effective date of this act, so long as either the act of sexual abuse or the discovery that the injury or condition was caused by the act of sexual abuse occurred on or after July 1, 1984." 1989, No. 292, § 4(b).

---

that public-access status of records from trial court is retained on appeal absent further order). This Court further ordered the parties to file redacted copies of their briefs and held a public oral argument at which the parties were instructed not to refer to the parties' names or any identifying information. See V.R.A.P. 34(*l*).

[2] Although some of plaintiff's claims were not brought against all defendants and some arguments and motions were made by only one defendant, we do not distinguish between the individual and organization defendants because it does not impact the legal question presented in this interlocutory appeal.

¶ 3.     In 2019, the Legislature amended § 522 to remove the limitations period and allow claims of childhood sexual abuse to be commenced "at any time after the act alleged to have caused the injury or condition." 2019, No. 37, § 1. The amendment contained the following retroactivity provision:

> Notwithstanding 1 V.S.A. § 214, this section shall apply retroactively to childhood sexual abuse that occurred prior to the effective date of this act, irrespective of any statute of limitations in effect at the time the abuse occurred. In an action based on childhood sexual abuse that would have been barred by any statute of limitations in effect on June 30, 2019, damages may be awarded against an entity that employed, supervised, or had responsibility for the person allegedly committing the sexual abuse only if there is a finding of gross negligence on the part of the entity.

12 V.S.A. § 512(d).

## II.  Facts and Procedural Background

¶ 4.     In May 2020, plaintiff filed suit against defendants alleging that in 1983, when he was fifteen years old, he was at a retreat operated by defendant organization and was sexually assaulted by a second defendant who was an adult employee of the organization. Plaintiff alleged three counts: child sexual abuse, nuisance, and grossly negligent supervision and retention. Although the claims were previously time-barred, plaintiff relied on the 2019 amendment to 12 V.S.A. § 522 and its retroactivity provision.

¶ 5.     In lieu of filing an answer, defendants moved to dismiss.[3] Defendants argued that § 522(d)'s retroactivity provision eliminating the previous limitations period violated the Due Process Clause of the Vermont Constitution. See Vt. Const. ch. I, art. 4. Defendants asserted that

---

[3] Defendants also moved to dismiss under Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim, alleging that plaintiff failed to plead sufficient facts to support a finding of "gross negligence" as required by 12 V.S.A. § 522(d). The trial court concluded that there were insufficient facts to support a claim for either private or public nuisance and therefore dismissed count II of the complaint. The court denied the motion as to the remaining counts for childhood sexual abuse and grossly negligent supervision, concluding there were sufficient facts alleged to support the allegations.

§ 522(d) unfairly revived an ancient claim that had long been barred by the limitations period and this amounted to a denial of due process because it violated their right to no longer be sued. Following notice from the court, the State of Vermont intervened to defend the constitutionality of § 522. See V.R.C.P. 24(d) (requiring court to notify Attorney General when constitutionality of statute is in question and permitting State to intervene on question of constitutionality).

¶ 6. In June 2022, the civil division denied defendants' motion to dismiss the remaining counts—child sexual abuse and grossly negligent supervision—on constitutional grounds. The court construed defendants' motion to be an as-applied challenge to the statute. The court noted that the U.S. Supreme Court has repeatedly held that retroactive changes to a statute of limitation do not violate due process because there is no liberty or property interest in an expired limitations period. The trial court concluded that the analysis was similar under the Vermont Constitution, and that the limitations statute was not a vested right but a legislated bar to a remedy. Without a vested right, the court concluded that defendants failed to demonstrate any due-process violation.

¶ 7. Defendants filed a motion for interlocutory appeal, and this Court accepted the interlocutory appeal on the question of whether 12 V.S.A. § 522 violates Chapter I, Article 4 of the Vermont Constitution by reviving long time-barred claims of childhood sexual abuse.[4] V.R.A.P. 5(b).

---

[4] In the civil division, defendants requested permission to appeal the following three questions: (1) whether plaintiff's pleading of gross negligence was sufficient within the meaning of 12 V.S.A. § 522, (2) whether § 522 violated Article 4, and (3) whether § 522 violated the U.S. Constitution. The trial court denied the request for interlocutory appeal for the first question, concluding that there was no controlling question of law over which there was substantial ground for difference of opinion because the pleading standard is minimal, and the analysis is fact-driven. For the Vermont constitutional question, the court granted an interlocutory appeal because it was a novel question of law and a matter of significant public importance. As to the federal constitutional question, the court concluded that it was not appropriate for interlocutory review because defendants had not moved to dismiss under the U.S. Constitution and therefore there was no decision to review. After this Court accepted the interlocutory appeal on the state constitutional question, defendants moved to add the other questions presented to the trial court. Defendants asserted that the federal constitutional question was raised below and that it would further the interests of judicial economy and efficiency to have this Court consider both the state and federal

4

### III. Analysis

¶ 8. Statutes are presumed constitutional and reasonable. Badgley v. Walton, 2010 VT 68, ¶ 20, 188 Vt. 367, 10 A.3d 469. "[T]he proponent of a constitutional challenge has a very weighty burden to overcome." Id.

¶ 9. Article 4 states: "Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character . . . ." Vt. Const. ch. I, art. 4. This Court has treated Article 4 as the Vermont equivalent of the federal Due Process Clause. Quesnel v. Town of Middlebury, 167 Vt. 252, 258, 706 A.2d 436, 439 (1997). "Though Article 4 does not create substantive rights, it does ensure access to the judicial process." Shields v. Gerhart, 163 Vt. 219, 223, 658 A.2d 924, 928 (1995).

¶ 10. In general, our cases have treated claims under Article 4 similarly to those made under the U.S. Constitution, and we have employed the federal standards to evaluate Article 4 claims. See, e.g., Holton v. Dep't of Emp. & Training, 2005 VT 42, ¶ 27, 178 Vt. 147, 878 A.2d 1051 (explaining that there was no violation of federal Due Process Clause and similar result obtained under Article 4). The Vermont Constitution may provide greater protection than analogous provisions in the U.S. Constitution, but the proponent of such an argument "bears the burden of explaining how or why the Vermont Constitution provides greater protection." State v. Read, 165 Vt. 141, 153, 680 A.2d 944, 951 (1996). Some tools that may be used to evaluate whether the Vermont Constitution provides greater protection include historical materials, textual differences, comparison with other state constitutions, and prudential considerations. See State v. Jewett, 146 Vt. 221, 225-27, 500 A.2d 233, 236-37 (1985) (providing examples of arguments that advocates may use to meet burden of demonstrating that Vermont Constitution provides greater protection than U.S. Constitution).

---

constitutional issues at the same time. This Court denied the request, and the sole issue in this interlocutory appeal is whether § 522 violates Article 4 of the Vermont Constitution.

¶ 11. Here, defendants argue that 12 V.S.A. § 522 violates Chapter I, Article 4 of the Vermont Constitution. Defendants do not clarify whether they are asserting a procedural or substantive due process claim. "Procedural due process requirements apply only with respect to governmental adjudicative decisions rather than legislative decisions." Gould v. Town of Monkton, 2016 VT 84, ¶ 20, 202 Vt. 535, 150 A.3d 1084. Further, "[t]o maintain a procedural due process claim properly, a plaintiff must allege facts showing that governmental action deprived plaintiff of a property interest protected by the Fourteenth Amendment." Id. ¶ 19. Defendants assert that they had a "vested right" in the expired limitations period and the Legislature's action deprived them of this right. Whether intended as a procedural or substantive due process claim, we conclude that defendants do not have a vested right subject to Article 4 protection.

A.

¶ 12. Although federal jurisprudence is not controlling in this case involving the Vermont Constitution, it is helpful to understand how the analogous federal provision has been interpreted given that our cases have generally viewed Article 4 as equivalent to the federal Due Process Clause. The U.S. Supreme Court has long held that in the civil context an expired limitations period as a defense to an action does not create a vested right and therefore a legislature does not violate the U.S. Constitution by altering an existing limitations period and making it apply retroactively. This principle was articulated in Campbell v. Holt, 115 U.S. 620 (1885), a case in which the limitations period lapsed for a contract claim but was revived by generally applicable subsequent legislation. After the plaintiff filed suit under the revised statute, the defendants argued that their limitations defense had been perfected and the subsequent reinstatement violated the Fourteenth Amendment to the U.S. Constitution. Id. at 622. In rejecting the defendants' arguments, the U.S. Supreme Court explained the difference between statutes that attempt to alter title to property and those that affect a remedy. The Court held that the limitations period relates to the remedy available and not to the merits of a case, stating that the Court did not "understand

6

that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case." Id. at 626, 628. The Court emphasized that statutes of limitations are "arbitrary enactments by the law-making power," and "no right is destroyed when the law restores a remedy which had been lost." Id. at 628.

¶ 13. The U.S. Supreme Court has subsequently reaffirmed that a retroactive expansion of a statute of limitations for a civil claim does not violate due process simply because it restores a remedy that was previously not available. See Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Loc. 790 v. Robbins & Myers, Inc., 429 U.S. 229, 243-44 (1976) (citing Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 315-16 (1945)). This conclusion rests on the fact that limitation periods are "practical and pragmatic devices" created by the legislature and "represent a public policy about the privilege to litigate" rather than a fundamental right. Chase Sec. Corp., 325 U.S. at 314.[5] Therefore, there is no right to a particular limitations period, and the period to bring suit can be altered even retroactively.

¶ 14. Defendants assert that the question is not fully settled under federal law and that there are constitutional limits on the state's power to revive time-barred claims. Defendants rely on William Danzer & Co. v. Gulf & S.I.R. Co., 268 U.S. 633, 637 (1925), arguing that it held that a retroactive application of the statute of limitations violated due process. Defendant's interpretation of Danzer is overbroad. Danzer held that a new statute defining both liability and a limitations period was not applicable retroactively because the statute did not explicitly make its provisions retroactive. Id. Danzer distinguished Campbell based on this lack of explicit retroactivity and the fact that the statute of limitations in Danzer was part of the cause of action

---

[5] Based on that precedent, the U.S. District Court for the District of Vermont rejected a claim that the 1990 retroactivity provision of 12 V.S.A. § 522 violated the U.S. Constitution. See Barquin v. Roman Cath. Diocese of Burlington, Vermont, Inc., 839 F. Supp. 275, 281 (D. Vt. 1993) (rejecting constitutional due process defense based on Supreme Court precedent that legislatures retain power to revive actions that were previously barred by limitations period)

whereas <u>Campbell</u> was only a change in the limitations period. <u>Id.</u>; see <u>Chase Sec. Corp.</u>, 325 U.S. at 312 n.8 (differentiating <u>Danzer</u> on the basis that it involved statute that created liability); see also <u>Pac. Mut. Life Ins. Co. v. First RepublicBank Corp.</u>, 997 F.2d 39, 51 (5th Cir. 1993) (explaining narrow holding of <u>Danzer</u>). <u>Danzer</u> does not support defendants' position in this case where the statute altered the limitations period—not a party's liability—and the Legislature made § 522 explicitly retroactive.

B.

¶ 15.    Therefore, we turn to the question of whether § 522 violates the Vermont Constitution. To be clear, the federal precedent is not binding on our analysis of the Vermont Constitution. However, we conclude that the reasoning of the federal decisions regarding federal due process is logical, persuasive, and consistent with this Court's past cases involving Article 4. As described more fully below, we conclude that defendants do not have a property interest or other right that is protected by Article 4 and therefore that they have suffered no deprivation of due process.

¶ 16.    Like the U.S. Supreme Court, this Court has described limitations periods in statutes as creating a remedy and not a substantive right. See <u>Carter v. Fred's Plumbing & Heating Inc.</u>, 174 Vt. 572, 575, 816 A.2d 490, 494 (2002) (mem.) (rejecting plaintiff's claim that change in statutory limitations period applied retroactively and describing statute as limiting "the availability of a remedy," rather than interfering with a right). "Statutes which regulate the forms, modes and times of remedies, do not violate the obligation of contracts, and are not unconstitutional, though they are retrospective in their operation." <u>Bell v. Roberts</u>, 13 Vt. 582, 585 (1841). Because a limitations statute is a legislated bar to a remedy and does not create a right to be free of suit, the expired limitations period does not endow a tortfeasor with a "vested right" subject to the protections of Article 4 of the Vermont Constitution. The Legislature created the time limit on the remedy in the first place and can remove that limit without violating Article 4.

8

¶ 17. Defendants contend that nonetheless other Vermont cases support the notion that defendants obtained a vested right in the expired limitations period. Defendants' arguments are not persuasive because the cases are distinguishable.

¶ 18. First, several cases defendants cite are inapplicable because they involved legislative acts that attempted to interfere with or alter settled rights of parties in a particular action. Foremost among those cases is Bates v. Kimball, 2 D. Chip. 77 (Vt. 1824). In that case, a claim was allowed against an estate, and no appeal was filed within the time provided by law, resulting in a final judgment. Id. at 82. Subsequently, the Legislature enacted a statute purporting to allow an appeal by the administrator of that particular estate as if it had been timely made. The statute was not of general application. The validity of the statute was challenged. In analyzing the case, this Court reiterated that the Legislature retains the power to "prescribe the mode in which causes shall be brought" before the courts and "to enlarge or restrict the power of granting appeals, reviews, and new trials." Id. at 85. However, the power of granting appeals, reviews, and new trials for litigants in particular actions belongs to the judicial branch and cannot be concurrently exercised by the legislative branch. The Court concluded that the statute in Bates was not attempting to prescribe a new rule for general application but was divesting the litigant in a particular action of a right to an existing judgment. Id. at 88. Because there was a judgment that "vested a right in the present plaintiff," the legislative attempt to void that settled judgment was unconstitutional. Id. at 89. The Court emphasized that the legislative action was an attempt to reverse a determination in a particular case, which was beyond its authority.

¶ 19. Similarly, in Town of Bradford v. Brooks, 2 Aik. 284 (Vt. 1827), the Legislature enacted a statute authorizing a probate court to renew a commission for the estate of a particular deceased person whose estate had already been closed. Again, this was not an act of general application, but related to a claim that was settled by a judicial determination. The Court concluded that the statute was unconstitutional, explaining that "[t]his act is not general in its operation,

9

extending alike to all in like circumstances. It is retrospective in its effect, and goes to take away rights vested by the general law, and to give rights extinguished by the same general law, and we believe it an act which courts cannot enforce." Id. at 294-95.

¶ 20. Defendants contend that Bates and Town of Bradford support the proposition that the Legislature cannot retroactively deprive a party of a vested right and that laws altering the rights of parties only apply to future cases. Assuming this general statement is correct, it is not applicable in this case. Defendants have not obtained a judgment, and the legislative act challenged here is not aimed at invalidating an existing adjudicated right between the parties. The legislative act at issue is generally applicable and not an attempt to invalidate an existing final judgment between the parties. Defendants have not obtained any vested interest like the challengers in Bates and Town of Bradford.

¶ 21. Second, defendants assert that this Court has construed amendments to statutes of limitations to have prospective effect to avoid constitutional problems and this must mean that retroactive statutes are unconstitutional. These cases do not preclude retroactive application; they require retroactivity to be made expressly. Laws are generally prospective and legislative acts must "unequivocally express[]" an intent to have retrospective application. Lowry v. Keyes, 14 Vt. 66, 74 (1842); Briggs v. Hubbard, 19 Vt. 86, 90 (1846) (explaining that statute must not be construed "to have a retrospective operation beyond the time of its enactment, unless the language is too explicit to admit of any other construction"). The Legislature has explicitly adopted a general prohibition against retroactive construction of statutes in 1 V.S.A. § 214. Therefore, any retroactive application must be explicit. See Carter, 174 Vt. at 575, 816 A.2d at 494 (explaining that statute will not be construed to apply retroactively without clear language indicating

10

Legislature's intent). Here, the statute at issue explicitly provides for retroactive application of the limitations period.[6]

## C.

¶ 22.    Defendants also rely on a decision from the Utah Supreme Court that concluded that a similar statute in that state violated the due process provision in the Utah Constitution. Mitchell v. Roberts, 2020 UT 34, 469 P.3d 901. Utah enacted a statute reinstating previously time-barred claims against perpetrators of childhood sexual abuse. The Utah Supreme Court held that the statute violated the state constitution for two main reasons: prior state court precedent provided that the state legislature could not alter a ripened statute of limitations defense, id. ¶ 11; and the history regarding the original understanding of "due process" at the time of the state constitution's formation "flavored the original understanding of the 'legislative power' " in Utah, id. ¶ 33. Based on an analysis of the language and history of the state constitution, the court concluded that the Utah Legislature was prohibited under the state constitution from retroactively reviving a time-barred limitations defense. Id. ¶ 5.

¶ 23.    Defendants argue that the Utah court's decision is highly persuasive authority and should be adopted by this Court to reach a similar result. Defendants recognize that, in addition to the body of state-specific precedent, the Utah Supreme Court decision rested on an analysis of the Utah Constitution, convention records, and other authoritative sources to reach its decision. Defendants offer no similar analysis for their requested interpretation of the Vermont Constitution. Not only is there no precedent in Vermont for the outcome defendants seek, defendants have also

---

[6] In Earle v. State, 170 Vt. 183, 743 A.2d 1101 (1999), the plaintiff filed suit against the State for allegedly negligent failure to prevent childhood sexual abuse. The State moved to dismiss on the ground that the three-year statute of limitations under 12 V.S.A. § 512 applied, which was in effect at the time of the alleged injury, rather than the six-year limitations period under § 522, which was adopted in 1990. Because § 522 contained a specific retroactivity provision, we concluded that it superseded the general rule that the applicable statute of limitations is the one in effect at the time the cause of action accrues. Id. at 188 n.3, 743 A.2d at 1105 n.3.

not provided any similar historical analysis or textual argument for using the Utah decision as a guidepost. The two constitutions do not have similar language. See Vt. Const. ch. I, art. 4 ("Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character; every person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; comformably to the laws."); Utah Const. art. 1 § 7 ("No person shall be deprived of life, liberty or property, without due process of law."). Moreover, the Utah Supreme Court relied heavily on the fact that during the era of the framing of the Utah Constitution, there was a certain understanding in Utah of the principle of "due process." Mitchell, 2020 UT 34, ¶ 34. However, this context has little import to the meaning of the Vermont Constitution, which was adopted more than a hundred years earlier. See Ferry v. City of Montpelier, 2023 VT 4, ¶ 29, __ Vt. __, __ A.3d __ (explaining that Vermont Constitution first adopted in 1777 when Vermont was independent republic and new constitution was adopted in 1793 after Vermont joined United States as fourteenth state in 1791); Mitchell, 2020 UT 34, ¶ 42 (analyzing meaning of due process at time of Utah constitutional convention in 1895). Under these circumstances, we are not persuaded that the analysis of the Utah Supreme Court should be adopted.

¶ 24. On the other hand, there is much more persuasive analysis from several other states holding that state legislatures may retroactively revive previously barred civil claims without violating state constitutional provisions ensuring due process. These states, like Vermont, view limitations periods as relating to remedies rather than rights. See Vaughn v. Vulcan Materials Co., 465 S.E.2d 661, 662 (Ga. 1996) (holding that there is "no vested right in a statute of limitation"); Roberts v. Caton, 619 A.2d 844, 849 (Conn. 1993) (explaining limitations period is part of remedy and does not create substantive right and therefore change can be retroactively applied). On that basis, several other states have upheld statutes, like the one at issue here, reviving childhood

sexual-abuse claims. In <u>Sheehan v. Oblates of St. Francis de Sales</u>, 15 A.3d 1247 (Del. 2011), the Delaware Supreme Court considered a statute that abolished a civil limitations period for claims of childhood sexual abuse and created a two-year window to allow victims to bring previously barred claims. The Delaware Court explained that historically it gave the state constitutional provision the same meaning as the due process clause in the federal constitution. <u>Id</u>. at 1258-59. The court rejected the defendant's argument that the expired statute of limitations for a civil action is a "fundamental vested right." <u>Id</u>. at 1259. Because the limitations period "affects matters of procedure and remedies, not substantive or vested rights," the court held that the statute did not interfere with any fundamental right. <u>Id</u>.

¶ 25. Other states have reached a similar conclusion regarding state constitutional claims where the state had construed the state constitutional due process provision consistently with the U.S. Constitution, as Vermont does. See <u>Sliney v. Previte</u>, 41 N.E.3d 732 (Mass. 2015) (rejecting argument that statute altering limitations period for sexual abuse of minor from three to thirty-five years and containing retroactivity provision violated defendant's state constitutional rights); <u>Cosgriffe v. Cosgriffe</u>, 864 P.2d 776, 779 (Mont. 1993) (applying federal due process analysis and concluding that "Montana due process is not violated by the retroactive application of the statute" reviving expired civil tort claims of childhood sexual abuse); <u>Deutsch v. Masonic Homes of Cal., Inc.</u>, 80 Cal. Rptr. 3d 368, 380 (Ct. App. 2008) (holding that statute reviving child sexual abuse claim "was not unconstitutional and did not deprive appellant of a vested liberty or property interest"); <u>PB-36 Doe v. Niagara Falls City Sch. Dist.</u>, 152 N.Y.S.3d 242, 248 (Sup. Ct. 2021), <u>aff'd</u>, 182 N.Y.S.3d 850 (App. Div. 2023), <u>reargument denied</u>, 186 N.Y.S.3d 783 (App. Div. 2023) (denying motion to dismiss complaint on grounds that revival clause of Child Victims Act is unconstitutional). Like these states, we have generally construed Article 4 consistently with the federal Due Process Clause, and defendants have not met their burden of demonstrating why the

Vermont Constitution should be applied differently from the U.S. Constitution. See Jewett, 146 Vt. at 225-27 (explaining burden of demonstrating how Vermont differs from U.S. Constitution).

D.

¶ 26. Finally, defendants list various concerns about how reviving old claims might impact defendants' ability to litigate the case because the passage of time might prevent defendants from having adequate access to documentation or witnesses. Defendants argue that § 522 is fundamentally unfair, citing Stogner v. California, 539 U.S. 607, 610 (2003), which held that a statute creating a new criminal limitations period and authorizing criminal prosecutions for previously barred charges violated the Ex Post Facto Clause of the U.S. Constitution. Defendants assert that, like the criminally accused, they relied on the expired limitations period and lacked notice that they could be prosecuted in the future.

¶ 27. These arguments are not persuasive. Stogner involved a criminal statute and the constitutional protections and concerns in that case, rooted in the Ex Post Facto Clause of the U.S. Constitution, are not applicable here concerning a civil claim. Moreover, defendants' ability to litigate against these particular claims given the passage of time is not relevant to the limited question presented to this Court—whether § 522's retroactivity provision violates Article 4 of the Vermont Constitution because it deprives defendants of a vested right. Defendants claimed that they had a vested right in the expired limitations period. We have rejected that premise and hold that defendants have no vested property interest in the expired limitations period.

Affirmed.

FOR THE COURT:

_____

Chief Justice

14