Filed 03/12/25

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02721

| Ryuu Parker v. Nicholas Deml |
| --- |

## FINDINGS, CONCLUSIONS, AND ORDER

In this Rule 74 appeal, appellant Ryuu Parker challenges the decision of the Department of Corrections to interrupt his community supervision furlough for two years. A bench trial was held on January 24, 2025, and post-hearing memoranda were filed on February 24 and March 3. For the reasons set forth below, the court concludes that the Department abused its discretion by failing to provide appellant sufficient notice of the evidence against him, and accordingly, remands the case to the Department to conduct a new violation hearing and case staffing.[1]

### Findings of Fact

Appellant is a prisoner in the custody of appellee Nicholas Deml, Commissioner of the Department of Corrections (the Department). Appellant was released on community supervision furlough in May 2023, subject to various conditions including Condition 3 ("I will not engage in threatening, violent, or assaultive behavior") and Special Condition 22 ("I will continue to reside at an approved residence while on supervision.").

Approximately one year later, the Department received multiple reports that appellant had threatened to kill several individuals and destroy their property on May 28, 2024, including while brandishing a knife. Appellant was directed to report to the Barre Probation and Parole office on May 29 at which time he became aggressive and threatened to kill Department employees along with the people who reported his previous threats to the Department. A Department employee was injured in the process of restraining appellant and consequently had to receive medical care.

Appellant was returned to custody and issued a Notice of Suspension Report for violating Conditions 3 and Special Condition 22. The explanation of the violation stated that appellant "failed to reside at an approved residence and assaulted staff while being taken into custody." Agency Record (AR) 5. A suspension hearing was scheduled for June 3, 2024, but on May 31, appellant signed a waiver of appearance form and checked the box admitting "that a preponderance of the evidence supports being found guilty of alleged violation[s]." AR 12. The

---

[1] Assistant Judge John Hall was present for the January 24 bench trial but retired from office before this order was issued. He did not participate in the decision in this case. *See* 4 V.S.A. § 36(c), (e).

form indicated that appellant was alleged to have violated Condition 3 and Special Condition 22 but did not provide any additional detail. The Agency Record includes a detailed incident report and affidavits from the people that appellant allegedly threatened but appellant claims he was not provided with these materials until after May 31.

The Department held a case staffing on June 19, 2024. Applying Policy 430.11, the Department recommended a two-year furlough interruption based on this being appellant's first significant violation within the past year of community supervision and the presence of two aggravating factors—use of a weapon and causing an injury that resulted in medical services being required. *See* Policy 430.11(G)(3)(b)(ii), (iii). Appellant timely appealed under Rule 74 of the Vermont Rules of Civil Procedure.

At the bench trial and in his post-trial memorandum, appellant argues that the incidents in May 2024 were the result of a relapse and failing to take his prescribed mental health medication, that he was unaware that anyone was injured because of his actions, and that he never would have waived his right to a hearing had he known the Department intended to rely on aggravating factors and interrupt his furlough for two years. He argues that the Department violated his right to due process by failing to provide him with notice that it intended to rely on aggravating factors, and also abused its discretion by failing to consider mitigating factors related to his mental health and addiction.

In response, the Department argues that the court lacks subject matter jurisdiction because the alleged violating conduct constituted a new crime and was therefore not a technical violation, and that the Department acted within its discretion when it applied aggravating factors to interrupt appellant's furlough for two years.

### Conclusions of Law

"An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." 28 V.S.A. § 724(c)(1). A "'[t]echnical violation'" means a violation of conditions of furlough that does not constitute a new crime." 28 V.S.A. § 722(4). The appeal "shall be limited to determin[ing] whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion." 28 V.S.A. § 724(c)(3). An agency abuses its discretion when it "declines to exercise its discretion or has done so on untenable or unreasonable grounds." *In re McNamer*, 2024 VT 50, ¶ 18.

Here, defendant received notice that his furlough was being suspended because, among other reasons, he "assaulted staff while being taken into custody." AR 5. He thereafter admitted that a preponderance of the evidence supported him being found guilty of that violation. AR 12. Assaulting Department staff constitutes a crime and is therefore not a technical violation. *See* 13 V.S.A. §§ 1023, 1028a.

The question remains, however, whether this conclusion prevents appellant from challenging the Department's use of aggravating factor evidence of which appellant did not

receive notice in alleged violation of his constitutional right to due process. It does not. The Department has not contested—and many courts have concluded—that revocation of community supervision furlough implicates a protected liberty interest and therefore triggers the right to due process. *See, e.g.*, Appellant's Post-Trial Memorandum 3 & Exhs. A-C. The right to due process is protected by both the state and federal constitutions. *See generally A.B. v. S.U.*, 2023 VT 32, ¶¶ 9-14, 218 Vt. 23. The court is unwilling to interpret the "technical violation" requirement of Section 724 in a way that would shield a potential violation of appellant's constitutional rights from judicial review, particularly where criminal charges have not been filed and no other avenue of judicial review exists. *See State v. Green Mountain Future*, 2013 VT 87, ¶ 48, 194 Vt. 625 (noting that "[s]tate courts have wide latitude for assigning narrowing constructions" to state statutes to avoid constitutional problems). The court will accordingly address appellant's constitutional arguments.

"The touchstone of due process, of course, is 'the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (quoting *Mathews v. Eldrige,* 424 U.S. 329, 348-49. Here, appellant credibly argues that he did not receive notice that the Department staff member he assaulted on May 29 was injured and required medical care or that the Department had evidence that appellant brandished a weapon against another individual on May 28. That evidence—which was the basis for increasing appellant's furlough interruption from one year to two years—is not mentioned on the Notice of Suspension Report or the waiver form that appellant signed. Indeed, those forms nowhere indicate that the Department was even relying on the May 28 incidents to prove a violation of Condition 3. The requirements of due process are flexible and will vary depending on the particular situation and interests at stake. *See In re Miller*, 2009 VT 112, ¶ 13, 186 Vt. 505 (citing *Mathews*, 424 U.S. at 334). The court does not believe due process requires the Department in every case to detail in advance all of the evidence it has to support a furlough violation. But here, where the Department relied on an injury to a third party and appellant's alleged use of a weapon to double the length of appellant's furlough interruption, the Department was obligated to at least notify appellant that it believed those aggravating factors were present. The Department easily could have met this obligation by adding one or two sentences to the Notice of Suspension Report or by providing appellant with the incident reports and supporting affidavits before asking appellant to sign the waiver form.

On these facts, the court concludes that the Department failed to provide appellant with constitutionally adequate notice before it interrupted his community supervision furlough for two years. The court accordingly remands the case to the Department to conduct a new violation hearing and case staffing consistently with this order. The sole issue to be determined on remand is whether the aggravating factors, mentioned above, are supported by the evidence.

## Order

The case is remanded to the Department to conduct a new violation hearing and case staffing consistently with this order. The sole issue to be determined on remand is whether the aggravating factors, mentioned above, are supported by the evidence.

Electronically signed on: 3/12/2025 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge

Electronically signed pursuant to V.R.E.F. 9(d)

Merle L. Haskins
Assistant Judge