NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 50

No. 23-AP-151

In re Simone McNamer

Supreme Court

On Appeal from
Office of Professional Regulation

November Term, 2023

Michael S. Kupersmith, Appellate Officer

O. Whitman Smith of Mickenberg, Dunn, & Smith, PLC, Burlington, for Appellant.

Charity R. Clark, Attorney General, and Megan Campbell, Assistant Attorney General,
   Montpelier, for Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1.     **WAPLES, J.**   The Board of Allied Mental Health Practitioners denied Simone McNamer's application for a license to practice clinical mental-health counseling in Vermont. An appellate officer (AO) from the Office of Professional Regulation (OPR) upheld the Board's decision. On appeal to this Court, applicant contends that the Board and AO erroneously curtailed her efforts to demonstrate that the Board treated her differently than similarly situated candidates in concluding that she did not satisfy the educational prerequisites for licensure. She also argues that the agency failed to adequately justify this allegedly inconsistent interpretation of the Board's licensing regulations. We agree that comparator evidence may be relevant in an appeal from the Board's preliminary decision to deny a licensing application: though an applicant's demonstration that the Board applied a conflicting construction of its regulations to a prior candidate does not bind the Board to that precedent, it does obligate the Board to reckon with it. In this case, however,

applicant failed to make the necessary threshold showing that the requirements at issue were applied differently to any other candidate for licensure. Therefore, we affirm.

¶ 2.  Under Vermont law, only individuals licensed by the Board may practice clinical mental-health counseling.[1] 26 V.S.A. §§ 3262(a), 3263(a)(4).  The Board reviews applications for licensure under its Administrative Rules.  See Admin. Rules of the Bd. of Allied Mental Health Pracs. 1.1(a), Code of Vt. Rules 04 030 350 [hereinafter Board Rules], https://sos.vermont.gov/media/0jyhuiuj/amh-rules-adopted-final-sos-jan-2015.pdf; see also 26 V.S.A. § 3263(a)(4), (b) (empowering Board to adopt rules necessary to perform licensing duties). Among other things, these regulations require that applicants hold an "acceptable degree," meaning either: (1) a degree in clinical mental-health counseling conferred by a program accredited by the Council for Accreditation of Counseling and Related Educational Programs; or (2) a degree in counseling or a related field from a program that, while not accredited by the Council, meets the additional specifications in Board Rule 3.8.  See Board Rules 3.6(a), 3.7, 3.8.

¶ 3.  At issue in this appeal is Rule 3.8(a), which requires that degrees in this second category contain at least three graduate credits in "Diagnosis, Assessment and Treatment," defined as studies that "include the Diagnostic and Statistical Manual and its use in counseling[] and assessing psychopathology."  Board Rule 3.8(a), (b); see generally Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013) [hereinafter DSM].  In the absence of these credits, a degree from a program not accredited by the Council is not an "acceptable degree" and "cannot be used as the basis for licensure as a clinical mental health counselor."  Board Rule 3.7(b), 3.8(c).

---

[1]  Clinical mental-health counseling is the provision, for consideration, of professional counseling services "involving the application of principles of psychotherapy" and including "diagnosis and treatment of mental conditions or psychiatric disabilities and emotional disorders." 26 V.S.A. § 3261(2).  "Psychotherapy," in turn, "means the provision of treatment, diagnosis, evaluation, or counseling services to individuals or groups" pursuant to "a systematic procedure of psychotherapeutic intervention."  Id. § 3261(6).

¶ 4. Applicant received a master's degree from a Naropa University psychology program that is not accredited by the Council. Accordingly, she sought to demonstrate that it contained the three credits called for under Rule 3.8(a) in her September 2020 application for licensure. She initially designated a single course for the Board's consideration in connection with this requirement. The Board issued a notification of preliminary denial in January 2021.[2] It explained that applicant's graduate program did not include a three-credit course in diagnosis, assessment, and treatment, and therefore was not an "acceptable degree" for purposes of licensure.

¶ 5. Applicant appealed, triggering a hearing before the Board at which she bore the burden to show that the preliminary denial was in error. See Board Rule 1.6. Under Vermont's Administrative Procedure Act, the Rules of Evidence generally apply in such proceedings, and "[i]rrelevant, immaterial, or unduly repetitious evidence" must be excluded. 3 V.S.A. § 810(1) (mandating that Vermont Rules of Evidence be followed in contested cases, except that "[w]hen necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted . . . if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs"); see also Admin. Rules of Prac. of the Off. of Pro. Regul. 3.17(A), Code of Vt. Rules 04 030 005 [hereinafter OPR Rules], https://sos.vermont.gov/media/osal1nmq/administrative-rules-of-practice.pdf (providing that evidentiary matters at administrative hearings are governed by 3 V.S.A. § 810).

¶ 6. Applicant represented herself at the September 2021 hearing. This time, she identified two different courses completed during her graduate degree and argued that, together, they contained the three credits called for by Rule 3.8(a). In support of this contention, she testified that she was aware the Board had granted a license to an earlier graduate of the same Naropa University master's program, J.L., after concluding that credits drawn from two nearly identical classes combined to satisfy his diagnosis, assessment, and treatment requirement. Applicant

_____

[2] Though the notification was dated January 2020, it appears this was an error.

requested that the Board accept aggregated credits from her two courses under the Rule, as she alleged it had done in licensing J.L.

¶ 7.    During the hearing, the presiding officer noted that applicant's renewed approach to demonstrating compliance with Rule 3.8(a) could implicate another provision of the Board's licensing regulations, Rule 3.11.  See OPR Rule 3.16(A) (providing that board "may authorize its legal counsel to preside at hearings for the purpose of making procedural and evidentiary rulings").  Board Rule 3.11 states that the Board "will recognize a course as satisfying the requirements of these rules if it is seen as a 'stand alone course,' that is one which clearly from its course description covers required subject matter," but "will not grant credit for 'embedded content' that is an element or elements of study of an area which is only part of a larger course concentrating on a different area of study."  The presiding officer also voiced several concerns about the relevance of evidence about another candidate to the Board's analysis of applicant's eligibility for licensure.

¶ 8.    Despite these statements, the Board continued to admit the evidence applicant offered in support of her argument.  The exhibits entered in the record included a document titled "Education and Coursework Requirements Worksheet" that applicant described as related to J.L.'s licensure, syllabi for the two courses she offered and the two courses the Board allegedly relied on in J.L.'s case, and written analyses and charts applicant created itemizing the parallels between them in granular detail.

¶ 9.    Applicant first drew the Board's attention to two course titles listed in the section of the J.L. worksheet labeled "Diagnosis, Assessment and Treatment."  A handwritten notation under the second course title read, "(needed to supplement the 1.0 credit in DSM—not a stand alone DSM, but could supplement the Psychopath. course[])."  Applicant explained that this reflected the Board's analysis of J.L.'s coursework under Rule 3.8(a).  She then began testifying to the similarities between the two courses identified in the J.L. worksheet and the two she offered, as set forth in the syllabi and comparison documents.

4

¶ 10.  The evidentiary ruling at issue in this appeal came approximately one hour and twenty-five minutes into the hearing, after applicant finished addressing the first pair of courses and moved on to the second.  At this point, the Board excluded "further evidence about [J.L.'s] coursework, beyond what [had] already been admitted" as "both cumulative and of dubious relevance."  The presiding officer told applicant that the agency had noted her argument relative to J.L. and asked that she focus, in the time remaining, on her own coursework and how it satisfied the Rules.

¶ 11.  After the hearing, the Board issued a written order affirming its preliminary denial. It held that, pursuant to Rule 3.11, applicant was required to show that her degree included a single graduate course containing at least three diagnosis, assessment, and treatment credits.  This stand-alone course requirement, it explained, was designed to "test[] for focused attention on specific curricular content" pertaining to the "clinical application of the DSM."  The Board separately analyzed the content of the two classes applicant offered and found that neither sufficiently covered use of the DSM to diagnose, assess, and treat psychopathology in a clinical context to independently provide the necessary credits.  In Vermont, the Board noted, anyone may register to provide psychotherapy, but a clinical mental-health counseling license certifies, among other things, "that a counselor has completed a graduate counseling program with specific content focused on Diagnosis, Assessment[,] and Treatment in a DSM framework—the common language that knits together standards-based counseling, practice, psychology, and psychiatry."  Applicant's master's degree, the Board concluded, was not such a program.

¶ 12.  The Board's final decision also addressed applicant's evidence pertaining to J.L.  It recited her testimony about the basis for J.L.'s licensure and concluded that the worksheet she offered "was not authenticated in any meaningful way," though it appeared to contain the internal "working notes" of a single, unidentified "Board member or staff analyzing J.L.'s application materials."  Those notes pointed out multiple "unsatisfied content areas" and "could not possibly

5

represent the final analysis leading to anyone's conclusion J.L. should be licensed." It therefore found that the exhibit was "not a reliable or authoritative source of insight" into its "thinking or analysis concerning J.L.'s license eligibility." Finally, the Board indicated that its task was to compare applicant's application materials and supplemental evidence with the standards laid out in the Rules, not the qualifications of others.

¶ 13. Applicant appealed to an AO, and an attorney entered an appearance on her behalf. See 3 V.S.A. § 130a(a)(1) (providing that "party aggrieved by a final decision of a board" may appeal to AO). As relevant here, applicant contended that the Board erred in interpreting Rule 3.11's stand-alone course requirement to apply to Rule 3.8(a). She also challenged this construction of the regulations as arbitrary and capricious in that it treated her differently than similarly situated candidates like J.L., and argued that she was denied the opportunity to present relevant evidence on this point.

¶ 14. In connection with this final argument, applicant moved for leave to offer additional evidence under 3 V.S.A. § 130a(a)(2)(B) and its implementing regulation, OPR Rule 4.5. While an intermediate appeal is otherwise conducted on the record created before the Board, these provisions permit an AO, "[u]pon motion and good cause shown," to "schedule a hearing to take additional evidence on whether irregularities in procedure occurred" that are not reflected in that record. OPR Rule 4.5; 3 V.S.A. § 130a(a)(2). Applicant represented that the Board allowed prior candidates greater latitude to compare their proffered diagnosis, assessment, and treatment coursework to classes completed by licensed clinical mental-health counselors. Specifically, she alleged that the Board allowed C.P., a third graduate of the same Naropa University program, to present extensive evidence regarding several other alumni to whom the Board had granted licensure. Applicant contended that the Board's exclusion of further evidence of J.L.'s coursework therefore constituted a procedural irregularity not shown in the record and sought permission to introduce evidence of the Board's "previous willingness to accept evidence as to the coursework

6

of successful applicants," as well as evidence "demonstrating that her coursework is identical or comparable to that of other applicants who were granted licensure by the Board" in order to show that she was subject to disparate treatment.

¶ 15.   The AO denied the motion, reasoning that the Board's evidentiary ruling in applicant's case was a matter of record, and that she was "seeking not to introduce the irregularity of excluding evidence, but rather the excluded evidence itself."   This, the AO concluded, was impermissible under OPR Rule 4.5, which provides that at a hearing on alleged procedural irregularities, the AO "is not authorized to rehear substantive evidence that otherwise was or could have been raised" before the Board.  Applicant moved to reconsider, explaining that the language of her initial request was overbroad and she was seeking a hearing for the sole purpose of showing that, in one or more other cases, the Board admitted evidence comparing an applicant's coursework to that of others granted licensure.  The AO declined to reconsider his decision.

¶ 16.   Following oral argument, the AO issued a written decision affirming the Board's interpretation of Rules 3.8(a) and 3.11.  He also concluded that applicant failed to prove that she was denied the opportunity to introduce relevant evidence or treated differently than J.L. for several reasons: evidence regarding the licensure of similarly situated applicants was irrelevant to the Board's analysis; the Board appropriately excluded the proffered evidence as cumulative; and applicant presented no competent evidence as to how J.L. satisfied the diagnosis, assessment, and treatment requirement.  This appeal followed.  See 3 V.S.A. § 130a(c) ("A party aggrieved by a decision of the appellate officer may appeal to the Supreme Court.").

¶ 17.   On appeal, applicant contends that both the Board and the AO erred in excluding comparator evidence and failing to acknowledge and justify the allegedly inconsistent application of Rules 3.8(a) and 3.11 to J.L.'s licensing application.  See Comparator, Black's Law Dictionary (12th ed. 2024) (defining "comparator" as "[s]omething with which something else is compared; esp., something or someone treated differently from something or someone else and used as

7

evidence of unlawful treatment of the latter"). She does not seek review of the Board's substantive conclusion that, under those two Rules, her degree could be used toward licensure only if she obtained three credits in diagnosis, assessment, and treatment through a single, stand-alone course. Instead, she asks that we reverse and remand for further proceedings in which she may offer additional comparator evidence.

¶ 18. This Court reviews the procedural and evidentiary rulings below for abuse of discretion, which we will find only "where an agency has declined to exercise its discretion or has done so on untenable or unreasonable grounds." See In re Joyce, 2018 VT 90, ¶ 12, 208 Vt. 226, 197 A.3d 378 (explaining that standard of review for agency's procedural rulings applies to "decisions applying judicially adopted rules of procedure and practice" (quotation omitted)). We consider applicant's claims "on the basis of the records created before the board . . . and the [AO]," 3 V.S.A. § 130a(c), assessing them independently under the same standard applied by the AO, see Devers-Scott v. Off. of Pro. Regul., 2007 VT 4, ¶ 4, 181 Vt. 248, 918 A.2d 230 (explaining that where there is intermediate level of appeal from administrative body, we review under same standard applied by intermediate tribunal, but "independent of" its conclusions because "[t]he statute simply gives parties two appeals" (quotation omitted)). See also In re Bombardier, 2018 VT 11, ¶ 15, 206 Vt. 450, 182 A.3d 1165. Thus, we do not substitute our judgment for that of the Board as to the weight of the evidence on questions of fact and will not disturb its decision absent error prejudicing applicant's substantial rights. See 3 V.S.A. § 130a(b) (setting forth standard for AO review of Board decision).

¶ 19. Applicant first argues that the Board abused its discretion in excluding further evidence of J.L.'s coursework as cumulative and of dubious relevance. She contends that evidence that the Board applied its licensing requirements differently to similarly situated candidates was relevant, and the Board's ruling denied her a fair hearing because it prevented her from fully

8

explaining the exhibits she had admitted and offering additional testimony that she was treated differently than J.L.[3]

¶ 20.   Applicant's argument is founded on " '[a] fundamental norm of administrative procedure' " that requires agencies " 'to treat like cases alike.' "  In re Stowe Cady Hill Solar, LLC, 2018 VT 3, ¶ 21, 206 Vt. 430, 182 A.3d 53 (quoting Westar Energy, Inc. v. Fed. Energy Regul. Comm'n, 473 F.3d 1239, 1241 (D.C. Cir. 2007)).  Under this principle, the deference traditionally accorded to an agency's interpretation of its own promulgated regulation does not extend to one that conflicts with its past construction of the same rule.  See In re Conservation L. Found., 2018 VT 42, ¶¶ 15-16, 207 Vt. 309, 188 A.3d 667.  Agencies remain "free to depart rather freely from their precedents" upon determining that previously declared law "is unsound and ought not to be followed," but cannot do so "on bases that are arbitrary, unreasonable, or discriminatory." In re Apple Hill Solar LLC, 2019 VT 64, ¶ 25, 211 Vt. 54, 219 A.3d 1295 (quotation omitted).  As a result, we will overturn an agency's interpretation of its own rule if it conflicts with past interpretations "without a legitimate justification."  In re Investigation to Review Avoided Costs

_____

[3] Although applicant never indicated to the Board that she intended to offer evidence as to any comparator other than J.L., she now suggests that its ruling effectively excluded any such evidence she may have offered.  We do not reach her contention that, under these circumstances, she was not required to make an express offer of proof to preserve this claim for appeal because we find this characterization of the basis and scope of the Board's ruling without merit.  See V.R.E. 103(a)(2) (providing that "[e]rror may not be predicated on a ruling which . . . excludes evidence unless . . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked").  Applicant argues that, in light of the presiding officer's earlier conjecture about the general relevance of comparator evidence, the exclusion of further evidence about J.L.'s coursework signaled that any other evidence of disparate treatment would thereafter be rejected as categorically irrelevant.  However, the Board's ruling applied only to additional evidence of J.L.'s coursework, and the contention that it carried broader significance is not supported by the record.  The presiding officer expressly designated it as an evidentiary ruling and explained that the Board could overrule it—thus distinguishing it from his prior equivocal statements.  See 3 V.S.A. § 129(g)(3) (providing that boards may overrule any procedural or evidentiary ruling of presiding officer); OPR Rule 1.1(L) (indicating that presiding officer may be authorized by board to preside under 3 V.S.A. § 129(g)(3)).  Through its subsequent silence, the Board approved the ruling.  There is simply no basis to conclude that it thereby held that all comparator evidence was categorically irrelevant.

that Serve as Prices for the Standard-Offer Program in 2020, 2021 VT 59, ¶ 22, 215 Vt. 247, 261 A.3d 656.

¶ 21.    Because administrative reasoning is subject to challenge on these grounds, we agree that comparator evidence may, in some circumstances, be relevant in a hearing on appeal from the Board's preliminary decision to deny a license application.  In that proceeding, "[t]he applicant bears the burden to show that the preliminary denial was in error," Board Rule 1.6(b), and must be afforded an "opportunity . . . to respond and present evidence and argument on all issues involved," 3 V.S.A. § 809(c).  If the applicant shows that the Board applied its regulations differently to another candidate, evidence of the other candidate's qualifications may be relevant to support the argument that it would be arbitrary, unreasonable, or discriminatory to depart from precedent in the instant case.  See V.R.E. 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

¶ 22.    This is so because, confronted with this evidence, the Board must either reverse its preliminary decision and adhere to its precedent or, in the alternative, articulate a legitimate justification to abandon the prior interpretation.  See Apple Hill Solar, 2019 VT 64, ¶ 25; see also Consumer Credit Ins. Ass'n v. State, 149 Vt. 305, 308, 544 A.2d 1159, 1162 (1988) (affirming agency where it "determined that it [was] appropriate to abandon its previous interpretation of the statute" it administered and supplied "a reasoned analysis for the change within the area of its special expertise"); Westar, 473 F.3d at 1243 (concluding that agency order was "arbitrary and capricious in that it provides no basis in fact or in logic for the Commission's refusal to treat [appellant energy company] as it had treated" similarly situated energy company).  Though an applicant's evidence of conflicting precedent does not necessarily bind the Board to its previous approach, it does obligate the Board, "as a matter of administrative procedure," to identify a valid reason for departing from established law.  Apple Hill Solar, 2019 VT 64, ¶ 25; see also Consumer

Credit Ins. Ass'n, 149 Vt. at 308, 544 A.2d at 1161 (explaining that where agency determines its earlier analysis is ill-founded, "neither estoppel nor stare decisis nor any other doctrine should prevent it from creating new law and applying it prospectively" (quotation omitted)).

¶ 23.    In this case, however, applicant failed to make a critical, threshold showing that the Board accepted credits from two courses in licensing J.L. under Rule 3.8(a).  She does not challenge the Board's findings, which indicate that the only evidence she offered on this point— her testimony and the J.L. worksheet—was insufficient to establish the Board's analysis in J.L.'s case.  While the Board described applicant's testimony, it made no corresponding factual finding. See Krupp v. Krupp, 126 Vt. 511, 514, 236 A.2d 653, 655 (1967) (explaining that recitation of testimony "is not a finding of the facts contained in the testimony related and . . . cannot be so construed").  It further concluded that the worksheet lacked meaningful authentication and, in any event, did not represent the final analysis leading to the Board's conclusion that J.L. had satisfied Rule 3.8(a).  Applicant does not argue that she wished to offer additional evidence of the Board's decision in J.L.'s case but was prevented from doing so by its evidentiary ruling.  Indeed, at the time the ruling was made, substantial hearing time had elapsed and there was no suggestion that such evidence was forthcoming: applicant had indicated she did not intend to call J.L. as a witness, explained that she intended to establish the basis for his licensure through her testimony and the worksheet, and then moved on from his licensure and began comparing his courses to her own.

¶ 24.    Evidence of J.L.'s coursework could only further applicant's argument that she satisfied the diagnosis, assessment, and treatment requirement with credits from two courses if she first demonstrated that the Board accepted credits from two of J.L.'s courses under the same provision.  Because applicant bore the burden of proving that the Board erred in concluding she was not eligible for licensure under Rule 3.8(a), it was incumbent on her to lay this foundation.  In its absence, the Board was not required to consider whether this precedent conflicted with its analysis in applicant's case and, if so, whether there was a legitimate justification to depart from

11

its precedent. As a result, the Board did not err in failing to provide such justification, and further evidence of J.L.'s coursework was, in fact, irrelevant to its analysis. See V.R.E. 401.

¶ 25. Moreover, applicant does not meaningfully rebut the Board's conclusion that any further evidence about J.L.'s coursework was cumulative. Like trial courts, agencies have broad discretion to exclude even relevant evidence "if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence." V.R.E. 403; see Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 9, 192 Vt. 343, 59 A.3d 702. Here, the Board's ruling came after applicant finished testifying to the comparison between the first set of courses and moved on to the second. Having considered applicant's testimony comparing the first set of courses and admitted the syllabi and comparison documents she prepared, the Board had a basis to determine that similar testimony comparing the second set of courses would be duplicative of the detailed information in the exhibits which had already been admitted. See, e.g., Pcolar, 2012 VT 58, ¶ 9 ("The judge acted within her discretion when she determined that a jury view of the actual garbage truck was needless, cumulative evidence to demonstrate the mechanical operation of the arm—a point already supported by testimony and the video."). Given applicant's failure to establish the basis for J.L.'s licensure and the cumulative nature of the testimony at issue, she has not shown that the Board abused its discretion in asking her to focus, in the time remaining, on the dispositive issue remaining before it—whether her own coursework satisfied the Rules.

¶ 26. Applicant also argues that the AO erred in denying her motion to offer additional evidence under 3 V.S.A. § 130a(a)(2)(B) and OPR Rule 4.5 to show that the Board did not limit C.P.'s comparisons between his coursework and that of a fourth Naropa graduate, J.D.[4] However,

---

[4] Applicant moves to amend her principal brief in connection with this argument and supplement the record on appeal with supporting documents: the affidavit of J.D. and a related exhibit pertaining to J.D.'s coursework, which C.P. allegedly presented to the Board and testified about during his hearing. We grant applicant's motion to amend. However, we deny her motion

12

the proposition that the Board may have allowed other candidates greater latitude to explore comparator evidence in a separate case with unknown considerations of time, duplicative evidence, or lack of foundation, is not alleged evidence of a procedural irregularity. To the contrary, the applicable rules contemplate that the Board will exercise discretion "over the mode and order of interrogating witnesses and presenting evidence" based on a constellation of competing considerations. V.R.E. 611(a) (providing that hearing authority "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to [] make the interrogation and presentation orderly and effective for the ascertainment of the truth . . . [and] avoid needless consumption of time"); see In re Cent. Vt. Pub. Serv. Corp. for a 6.23% Increase in Rates, 141 Vt. 284, 288, 449 A.2d 904, 907 (1982) (noting that agency "enjoys substantial discretion in evidentiary matters"); In re White, 172 Vt. 335, 348, 779 A.2d 1264, 1274 (2001) ("In fact, administrative bodies have greater latitude than courts in the nature of evidence that they may consider."). We therefore conclude that the AO did not abuse his discretion in denying the motion because applicant did not make the showing of good cause required under OPR Rule 4.5.

¶ 27.    Applicant has not shown that either the Board or the AO abused their discretion in excluding evidence. Because applicant bore the burden of proving that the Board erred but did not demonstrate that the Board licensed J.L. after concluding that credits from two of his courses satisfied Rule 3.8(a), no justification for the alleged conflict was required. Applicant has not identified a basis to disturb the decisions below.

Affirmed.

FOR THE COURT:

_____

Associate Justice

---

to supplement because our review is limited to the record created below, and applicant did not file the materials in question with the AO. 3 V.S.A. § 130a(c).