Filed 12/16/24

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-05335

Gordon Dezotell, Sr. v. Nick Deml

## Findings, Conclusions, and Order

This Rule 74 furlough appeal came before the court for a bench trial on November 21, 2024. Appellant Gordon Dezotell, Sr., appeals the decision of the Department of Corrections to interrupt his furlough unless and until he completes risk reduction programming. For the reasons set forth below, judgment is entered for the Department.

## Findings of Fact

Appellant is currently in the Department's custody following his conviction of and sentencing for crimes including aggravated sexual assault. In or about June 2023, appellant was released on community supervision furlough and agreed to abide by number of furlough conditions including Special Condition 22 requiring him to reside at an approved residence while on supervision and Special Condition 30 prohibiting him from accessing or loitering in places where children congregate, including parks, unless approved in advance by his supervising officer.

Appellant initially lived in approved housing provided by the Franklin / Grand Isle Restorative Justice Center. Shortly after his release in June 2023, appellant was observed sunbathing shirtless in a public park. Thereafter, on September 1, 2023, appellant's housing was terminated for violation of program expectations after security camera footage revealed that an unaccompanied and visibly intoxicated teenage boy spent the night in appellant's apartment.

On November 6, 2023, defendant was arrested and lodged at Northwestern State Correctional Facility and charged with violating Special Condition 22. Appellant waived his right to appear at the violation hearing and, in so doing, admitted that a preponderance of evidence supported him being found guilty of the violation.

An initial case staffing was held on October 11, 2023, following which the Department decided that appellant will be required "to present a plan for release to transitional housing [that] adequately addresses his risk," and that any "[f]uture release on furlough will require a condition prohibiting contact with minors." Def.'s Exh. B at 2.

Shortly thereafter, appellant received two disciplinary reports for sexualized contact with other inmates. According to the first report, appellant and the other inmate entered a secluded area on October 17, hugged each other, and after appellant "asked several times to" kiss the

other inmate, the inmate "finally gave in" and the two began kissing. Def.'s Exh. D, at 12. The second report involved an October 23 incident where appellant was observed kissing a different inmate after the two left the facility's gym. Defendant pled guilty to both violations.

On November 29, 2023, the Department held another case staffing and determined that "based on his continued sexual behavior in the facility," appellant must "complete facility programming to address sexual risk" before being eligible for release. Def.'s Exh. E at 2. The following day, appellant signed a form stating that he did not agree to be considered for Risk Intervention Services programming. This Rule 74 appeal followed.

## Conclusions of Law

"An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." 28 V.S.A. § 724(c)(1). The appeal "shall be limited to determin[ing] whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion." 28 V.S.A. § 724(c)(3). An agency abuses its discretion when it "declines to exercise its discretion or has done so on untenable or unreasonable grounds." *In re McNamer*, 2024 VT 50, ¶ 18. By statute, it is an abuse of discretion to revoke or interrupt furlough for more than 90 days for a technical violation unless (1) "[t]he offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable"; (2) "[t]he violation or pattern of violations indicate the offender poses a danger to others"; or (3) "[t]he offender's violation is absconding from community supervision furlough." 28 V.S.A. § 724(d).

Here, as a result of the November 2023 case staffing, the Department effectively interrupted appellant's furlough for an indeterminate period of time—more than ninety days—based on his violation of Special Condition 22 and his subsequent disciplinary conviction for inappropriate sexualized behavior in the facility.

Appellant argues that this was an abuse of discretion for at least three reasons: (i) his disciplinary convictions for kissing other inmates did not violate any furlough condition; (ii) his conduct in the facility does not speak to his potential danger in the community, *see* 28 V.S.A. § 724(d); and (iii) an indefinite interruption is inappropriate because appellant has recently expressed an interest in engaging in risk reduction programming. Appellant requests that his interruption be reduced to ninety days or, failing that, to two years, which would allow appellant the requisite time to complete risk reduction programming.

The Department argues that there was no abuse of discretion because both appellant's furlough violation and his subsequent conduct in custody raise concerns about his risk to reoffend endanger others in the community. The Department further argues that, not only did it have discretion to consider appellant's in-custody conduct, but that it had a statutory obligation to do so before releasing appellant to community supervision. *See, e.g.*, 28 V.S.A. § 106(b). The Department has no objection to allowing appellant to begin programming but opposes any term

of interruption that would permit defendant's release on furlough absent completion of such programming.

The court concludes there was no abuse of discretion here. Appellant was convicted of a serious sex offense. His furlough conditions were designed to mitigate the risk that he would reoffend in the community, but the conduct surrounding his alleged violation—spending the night with an unaccompanied minor who appeared intoxicated—raised significant concerns about the efficacy of such conditions. Accordingly, it likely would have been in the Department's discretion to require risk-reduction programming as a condition of release following the initial October 2023 case staffing, although that specific question is not before the court.

The court, however, has little trouble concluding that the Department acted within its discretion by requiring completion of programming as a condition of release at the November 2023 case staffing. The intervening disciplinary violations may appear somewhat benign, but they were indisputably violations of the Department's facility rules, and at least one of the violations appears to have involved an element of coercion. The violations reinforced existing concerns about appellant's ability to comply with the Department's mandates when doing so would require appellant to resist his sexual impulses. These concerns directly speak to the risk to the community if appellant is re-released on furlough. The Department must generally consider community risk when making furlough decisions, 28 V.S.A. §§ 721, 724(d), and is specifically required to do so when evaluating supervision options for sex offenders, 28 V.S.A. § 106(b). The Department acted within its discretion when it did so here.

## Order

Judgment is entered for the Department.

Electronically signed on: 12/16/2024 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge