Filed 04/16/25

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03200

Christopher Lethbridge v. Nicholas Deml

## FINDINGS, CONCLUSIONS, AND ORDER

In this Rule 74 appeal, appellant Christopher Lethbridge challenges the decision of the Department of Corrections to interrupt his community supervision furlough for one year. A bench trial was held on April 11, 2025. For the reasons set forth below, the Department's decision is reversed, and the court orders that appellant's furlough interruption be reduced to time served.

### Findings of Fact

Appellant is a prisoner in the custody of appellee Nicholas Deml, Commissioner of the Department of Corrections (the Department). His relevant supervision history includes a prior furlough violation for absconding in 2022. Appellant was most recently released on furlough on July 6, 2023, subject to conditions including that he report and be accessible to his supervising officer and continue to reside at an approved residence.

From his release on furlough until on or about June 19, 2024, appellant lived with his girlfriend at her home in Bomoseen. Appellant struggles with addiction, and during his time on furlough he regularly attended treatment, including when he experienced a relapse in the late fall or early winter of 2023. This relapse did not lead to any significant furlough violations. In June 2024, however, appellant relapsed again, had a verbal argument with his girlfriend's stepson, was bit by the stepson's dog and had to be hospitalized, and was ultimately asked to leave the home in Bomoseen.

Over the next week or so, appellant maintained contact with his supervising officer while they discussed potential housing options including a bed at Valley Vista. Appellant, however, failed to meet the driver who was supposed to take him to Valley Vista, and by June 28, he had stopped contact with his supervising officer altogether.

At some point, appellant obtained an emergency housing voucher to stay at the Quality Inn in Rutland. He was actively using and not going to treatment. Appellant testified that, by this point, he knew that if he contacted his supervising officer he would have to go back to jail.

By July 2, the Department determined that appellant had absconded from supervision and requested a return-on-mittimus for his arrest. After receiving tips that appellant was at the Quality Inn, the Rutland Police Department forcibly entered appellant's motel room and took him

into custody on July 8. Appellant was then reincarcerated and charged with violating his furlough conditions.

Appellant waived his right to appear at the violation hearing. Following a July 17, 2024 case staffing, the Department interrupted appellant's furlough for one year. The case staffing committee arrived at the one-year penalty by applying the sanctions grid in the Department's Policy 430.11 and concluding that appellant had a moderate risk score, that his violation was significant because it was "absconding," and that—because of the 2022 absconding violation—this was appellant's second significant violation. Appellant timely filed this appeal under 28 V.S.A. § 724 and Rule 74.

## Conclusions of Law

"An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." 28 V.S.A. § 724(c)(1). The appeal "shall be limited to determin[ing] whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion." 28 V.S.A. § 724(c)(3). An agency abuses its discretion when it "declines to exercise its discretion or has done so on untenable or unreasonable grounds." *In re McNamer*, 2024 VT 50, ¶ 18. By statute, it is an abuse of discretion to revoke or interrupt furlough for more than 90 days for a technical violation unless (1) "[t]he offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable"; (2) "[t]he violation or pattern of violations indicate the offender poses a danger to others"; or (3) "[t]he offender's violation is absconding from community supervision furlough." 28 V.S.A. § 724(d).

Appellant first argues that the Department abused its discretion by interrupting his furlough for more than 90 days because his violation did not meet the definition of "absconding." The term "absconding" is defined by statute to include that "the offender has not met supervision requirements, cannot be located with reasonable efforts, and has not made contact with Department staff within three days if convicted of a listed crime as defined in 13 V.S.A. § 5301(7) or seven days if convicted of an unlisted crime." 28 V.S.C. § 222(1).

The record here shows that between June 28 and July 8, appellant's conduct met the definition of absconding. He failed to comply with his supervision requirements, failed to contact or respond to Department staff for at least three days (appellant is serving a sentence for a listed crime), and the Department could not locate appellant with reasonable efforts. *See* Agency Record (AR) 8-9 (reporting Department's efforts to locate appellant between June 28 and July 8).

Appellant next argues the Department abused its discretion by failing to consider his positive supervision history after being released on furlough on July 6, 2023, and until

the most recent violation. The court agrees the Department abused its discretion in how it evaluated appellant's supervision history.

Under Policy 430.11, the Department "shall consider any subsequent finding of a significant violation *within one year of a previous significant violation* at the next violation level," but "shall reset a supervised individual to violation level #1 . . . for the purposes of determining the sanction when the individual completes *one continuous year of community supervision without a significant violation.*" DOC Policy 430.11(G)(4), (5) (emphases added). As the facts here illustrate, these two categories are not mutually exclusive, at least where the two violations are separated by a period of incarceration. Appellant's previous significant violation occurred in late 2022, more than one year before the current violation began on or about June 28, 2024, but the current violation began just less than one year after appellant was most recently released on furlough on July 6, 2023. *See* AR 26; Appellant's Exh. 2, at 7.

The plain language of Policy 430.11 did not require the Department to count the 2022 violation when it determined the sanction for a new violation that occurred more than a year later. The Department chose to do so, effectively doubling the period of appellant's furlough interruption, notwithstanding that appellant was days away from having completed a continuous year of community supervision without a significant violation which would have *required* the Department to give him a "reset." Moreover, although appellant waived his right to present a mitigating circumstances argument at his violation hearing, the agency record reflects that the case staffing committee was fully aware that appellant's absconding violation was "motivated by substance abuse" and nothing in the record suggests that appellant's violation had a "significant impact on public safety." *See* AR 1-2, 8-11; DOC Policy 430.11(G)(3)(c).

On the facts presented here—where (i) appellant had a moderate risk score; (ii) his last significant violation was more than a year earlier; (iii) he had completed nearly a full year of continuous supervision without a significant violation; and (iv) his new violation was motivated by substance abuse and did not negatively impact public safety—the court concludes the Department abused its discretion by increasing appellant's furlough interruption from 180 days to one year without any explanation beyond asserting that appellant had a prior significant violation. As explained above, Policy 430.11 did not require the Department to consider appellant's 2022 violation, for which he had already served a significant furlough interruption, when it determined the sanction for the current violation, and the record here does not persuade the court that it was an appropriate exercise of discretion for the Department to do so.

Accordingly, the court concludes that the Department abused its discretion by interrupting appellant's furlough for one year. The court will reduce appellant's interruption to time served.

**Order**

The Department's decision is REVERSED. The court orders that appellant's furlough interruption be reduced to time served.

Electronically signed on: 4/14/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge