Filed 11/18/25

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-05005

| Scott Myers v. Nicholas Deml |
| --- |

## FINDINGS, CONCLUSIONS, AND ORDER

In this Rule 74 appeal, appellant Scott Myers challenges a decision of the Department of Corrections to interrupt his community supervision furlough for two years.[1] A bench trial was held on November 12, 2025. For the reasons that follow, the Department's decision is affirmed.

### Findings of Fact

Scott was released on community supervision furlough in December 2023 subject to conditions including Special Condition 29 ("I will not purchase, possess, or use pornography, or erotica, or go to adult bookstores, sex shops, topless bars, etc., unless approved in advance by my supervising officer, or designee.") and Special Condition 32 ("I will not own, possess or use a camera, recorder, cell phone, or other electronic devices that have recording and/or internet capabilities, without prior permission of my supervising officer, or designee."). Following his release, Scott lived in the St. Albans area, engaged in sex offender treatment, and worked for a landscaper.

The Agency Record reflects that in or about September 2024, Scott asked his treatment group about "smartwatch" capabilities but did not disclose that he had purchased one or that he was planning to do so. Sometime prior to October Scott had also unsuccessfully requested permission to purchase a smartwatch from his supervising officer at St. Albans Probation & Parole.

On October 3, 2024, Scott met with Courtney, a worker from the Community Justice Center in St. Albans, who helped Scott change the password for his Google account. Upon logging into the account, Courtney observed that the account has been accessed by a Galaxy device on September 14 and then again on September 24 by a Galaxy smartwatch. Courtney reported this information to Scott's supervising officer.

Scott met with his supervising officer for a scheduled appointment on October 10. Scott admitted to having purchased a Galaxy smartwatch approximately two weeks earlier and then returning it once he realized that it had internet capabilities. He could not provide a receipt. Nor

---

[1] Appellant previously indicated that he was challenging the Department's risk containment decision but indicated at the bench trial that he was not pursuing that challenge in this case.

could he explain why his Google account reflected access by a different Galaxy device on September 14. Scott consented to search of his Google account and provided his password, but the supervising officer could not access the account because the password had been changed again after Scott and Courtney had changed the password on October 3. Scott did not provide a working password or explain why or how the password was changed after October 3.

Scott then consented to a search of his apartment and vehicle. The subsequent search revealed a DVD of a pornographic movie hidden inside a cupboard in Scott's apartment. Scott admitted to acquiring and possessing the DVD in violation of his furlough conditions. The previous May, Scott had expressed to Community Justice Center staff that he wanted to obtain pornography and was encouraged to raise the issue in treatment and with his supervising officer. Scott did not follow up on that recommendation.

The Department issued a notice of suspension report and took Scott back into custody on October 10, and a furlough revocation hearing was held on October 15. Scott pled guilty to violating Special Condition 29 (relating to the DVD) and was found guilty of violating Special Condition 32 (relating to the smartwatch).

Following a November 6, 2024 case staffing, the Department interrupted Scott's furlough for two years. The Department determined Scott had committed a significant violation based on the following criteria set forth in the Department's Policy 430.11: "There is evidence of behavior(s) that pose(s) a direct risk to public safety"; "There is a pattern of risk-related behavior where previous interventions have failed to mitigate the risk"; and "There is a pattern or history of behavior that continues after the exhaustion of lower-level technical sanctions have failed to gain the supervised individual's compliance." AR 4; Policy 430.11(F)(2)(c), (e), (f); *see also* 28 V.S.A. § 724(c)(d)(1), (2). On account of Scott's moderate risk score, the violation would have resulted in a one-year furlough interruption under the sanctioning grid in Policy 430.11. The Department, however, increased the interruption of two years because it found that the "failure to manage individual risk factors related to sexual offending" was an aggravating factor. *See* Policy 430.11(G)(3)(b)(vii).

This appeal followed.

### Conclusions of Law

"An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." 28 V.S.A. § 724(c)(1). "The appeal shall be based on a de novo review of the record." 28 V.S.A. § 724(c)(1). "The appellant shall have the burden of proving by a preponderance of the evidence that the Department abused its discretion in imposing a furlough revocation or interruption for 90 days or longer," and the appeal "shall be limited to determin[ing] whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion." 28 V.S.A. § 724(c)(1), (3). An agency abuses its

discretion when it "declines to exercise its discretion or has done so on untenable or unreasonable grounds." *In re McNamer*, 2024 VT 50, ¶ 18.

Appellant argues the Department abused its discretion by applying an aggravating factor that, in effect, double-counted the same conduct the Department had already relied on to find a significant violation. Other superior courts including this one have found an abuse of discretion when the Department double-counted the same conduct as both a significant violation and an aggravating factor. *See, e.g.*, *Posey v. Deml*, 24-CV-1662 (Jan. 21, 2025) (Battles, J.).

The court finds no abuse of discretion here. Scott violated his furlough conditions by acquiring and internet-connected smartwatch and by possessing pornography. The Department was within its discretion to determine that these violations, at least with respect to the smartwatch that allowed Scott to access the internet, posed a direct risk to public safety and was a significant violation for that reason alone. *See* Policy 430.11(F)(2)(c); 28 V.S.A. § 724(c)(d)(2). Given Scott's history of similar violations stretching back more than a decade, the Department was also within its discretion to find the presence of an aggravating factor based on Scott's "failure to manage individual risk factors related to sexual offending." *See* Policy 430.11(G)(3)(b)(vii); AR 1 (noting 2014 probation violation for accessing internet and posting Craigslist ad, 2018 probation violation for accessing various website and possessing picture of penis, 2022 furlough violation for accessing internet through video game consoles). The presence of this aggravating factor is further demonstrated by Scott having requested and expressly been denied permission to obtain a smartwatch by his supervising officer, and by Scott having failed to discuss his desire for pornography in treatment or with his supervising officer, despite Community Justice Center staff having encouraged him to do so.

### Order

The Department's decision is AFFIRMED.


Electronically signed on: 11/17/2025 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge