Filed 12/10/25

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-03143

| Nathan Jones v. Nicholas Deml |
| --- |

## FINDINGS, CONCLUSIONS, AND ORDER

In this Rule 74 appeal, appellant Nathan Jones challenges a decision of the Department of Corrections to interrupt his community supervision furlough for two years. A bench trial was held on November 24, 2025. For the reasons that follow, the Department's decision is affirmed.

### Findings of Fact

Nathan was released on community supervision furlough on April 9, 2025, subject to conditions including Special Condition 21, which prohibited him from consuming alcoholic beverages on account of his prior alcohol-related offense history, which stretches back over a decade and includes criminal offenses, parole and furlough violations, and disciplinary violations while incarcerated.

Upon his release, Nathan lived by himself in Pathways housing in Barre. He participated in regular counseling for his alcoholism. He worked full-time as a roofer, and was a responsible employee, and he spent his free time with his family and exploring the outdoors. By agreement, Nathan's parents kept possession of a truck Nathan owned and hid the keys from him. He successfully maintained his sobriety for approximately two months until June 15, 2025, when he found a bottle of vodka while helping clean out his mother's basement. Later that evening, the Barre Police Department responded to reports of Nathan acting belligerently toward passers-by on a public street. The responding officer observed Nathan attempt to enter several locked doors. Nathan was unable to answer basic questions and appeared under the influence. He was lodged at Northeast Correctional Complex for detoxification and his blood-alcohol content upon intake was .225.

The Department issued Nathan a notice of suspension for violating Special Condition 21, and Nathan waived his right to a hearing by signing the Department's standard waiver-of-hearing form. Nathan also signed the standard notice-of-hearing form, which indicates his understanding that if he appeared at the hearing, he would have the right to be heard and present evidence.

A case staffing was held on July 11, 2025, at which the Department interrupted Nathan's furlough for two years based on this being his third signification violation and his moderate risk score. The case staffing report indicated that the Department "reviewed mitigating factors and

aggravating factors" and found that were "persuasive in support of a reduction." Agency Record (AR 3). This appeal followed.

## Conclusions of Law

"An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." 28 V.S.A. § 724(c)(1). "The appellant shall have the burden of proving by a preponderance of the evidence that the Department abused its discretion in imposing a furlough revocation or interruption for 90 days or longer," and the appeal "shall be limited to determin[ing] whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion." 28 V.S.A. § 724(c)(1), (3). An agency abuses its discretion when it "declines to exercise its discretion or has done so on untenable or unreasonable grounds." *In re McNamer*, 2024 VT 50, ¶ 18. By statute, it is an abuse of discretion to revoke or interrupt furlough for more than 90 days for a technical violation unless (1) "[t]he offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable"; (2) "[t]he violation or pattern of violations indicate the offender poses a danger to others"; or (3) "[t]he offender's violation is absconding from community supervision furlough." 28 V.S.A. § 724(d).

Nathan makes two arguments on appeal. First, he argues that his violation was neither "significant" under Policy 430.11 nor met the statutory criteria for a furlough interruption of greater than 90 days. The court disagrees. Nathan has a lengthy history of alcohol-related offenses that endangered public safety including convictions for domestic assault, disorderly conduct, and driving under the influence. In April 2023, he was sentenced for DUI-4 and released on furlough. After repeatedly violating his furlough and probation conditions over the next several months by consuming alcohol, Nathan was placed on GPS and SCRAM monitoring and then referred to a 14-day inpatient treatment program. Approximately 6 months after completing that program, Nathan violated his furlough conditions again by consuming alcohol and his furlough was interrupted for one year. Approximately two months after being released from furlough in April 2025, and notwithstanding access to counseling and other resources, Nathan violated his conditions again by drinking alcohol and triggering a law enforcement response by harassing members of the public and attempting to enter private property. The Department acted within its discretion in concluding that Nathan's violation was part of a pattern or history of behavior that could not be adequately controlled in the community and posed a danger to others. *See* 28 V.S.A. § 724(d)(1), (2); DOC Policy 430.11(F)(2)(e), (f).

Nathan's second argument is that the Department failed to consider mitigating factors and, in effect, simply punished him for being an alcoholic. Nathan refers to 18 V.S.A. § 4801 and cases interpreting that statute, as well as to Policy 430.11.

Section 4801 provides that it shall be state policy to consider alcoholism and alcohol abuse as health and social problems, rather than as criminal transgressions, and that accordingly, people with alcohol problems (1) "shall no longer be subjected to criminal prosecution solely

because of their consumption of alcoholic beverages or other behavior related to consumption that is not directly injurious to the welfare or property of the public," and (2) "shall be provided adequate and appropriate medical and other humane rehabilitative services congruent with their needs." 18 V.S.A. § 4801.

Relying on Section 4801, the Vermont Supreme Court in *State v. Albarelli* struck down a probation condition that completely prohibited the defendant from having or consuming any alcoholic beverages because the condition "criminalizes, through probation revocation, defendant's failure to overcome his alcohol abuse issues." 2016 VT 119, ¶ 60, 203 Vt. 551. The court, however, upheld a different probation condition that prohibited defendant from drinking alcoholic beverages to the extent it interferes with his employment, of the welfare of his family, himself, or any other person. The court distinguished this provision because it did not "criminalize defendant solely because of his consumption of alcohol," but was instead "linked to preventing his future criminality and ensuring his alcohol consumption does not interfere with his ability to lead a law-abiding life." *Id.*, ¶ 62. Section 4801 has been held to be relevant in the furlough revocation context. *See, e.g.*, *Jones v. Deml*, No. 24-CV-1228 (Oct. 24, 2024) (Richardson, J.); *L'Esperance v. Deml*, 24-CV-2408 (Mar. 26, 2025) (Battles, J.).

The court cannot conclude that the Department punished Nathan for being an alcoholic or otherwise ran afoul of Section 4801 and the *Albarelli* line of cases. Although Nathan's violation was limited to consuming alcohol in violation of Special Condition 21, the record shows that this condition was directly "linked to preventing his future criminality and ensuring his alcohol consumption does not interfere with his ability to lead a law-abiding life." *Albarelli*, 2016 VT 119, ¶ 62. Nathan's conduct while under the influence of alcohol has repeatedly endangered "the welfare or property of the public," notwithstanding having been provided "appropriate medical and other humane rehabilitative services" to address his alcoholism. *See* 18 V.S.A. § 4801.

With respect to Nathan's argument under Policy 430.11 more generally, that policy provides that the Department "may consider any aggravating or mitigating factors that could change the sanction selected," and that mitigating factors may include "[c]ircumstances in which behavior is predominantly motivated by substance use, and there was no significant impact on public safety." DOC Policy 430.11, at 12-13. "The presence of [a] . . . mitigating factor does not necessarily indicate the [case staffing] committee should impose an interrupt other than the interrupt duration recommended by the grid." *Id.* at 12.

As discussed above, the record reflects that Nathan's violating behavior did have a significant public safety impact insofar as it threatened public safety and property. It is clear from the record that Nathan is an alcoholic and has worked hard at managing his disease. It is equally clear, however, that he continues to struggle and that his struggles have had significant public safety implications. On the facts of this case, the Department did not abuse its discretion by declining to reduce Nathan's furlough interruption on account of mitigating factors.[1]

---

[1] Nor does the court find that the Department abused its discretion by not expressly telling Nathan that he could present mitigating circumstances evidence at the violation hearing. The forms that Nathan received

## Order

The Department's decision is AFFIRMED.


Electronically signed on: 12/9/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge


Electronically signed pursuant to V.R.E.F. 9(d)

_____
Merle L. Haskins
Assistant Judge

---

and signed before waiving his right to a hearing generally informed Nathan of his right to present documents and witnesses who have "relevant information" and to provide a "written statement." AR 4-5. The Department was not required to outline every fact or circumstance that might ultimately be relevant to its furlough determination. Moreover, the record reflects that Nathan has had significant experience with the Department's furlough revocation process.