Vermont Superior Court
Filed 11/18/25
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03731

| Damian Emerson v. Vermont Department of Corrections |
| --- |

## FINDINGS, CONCLUSIONS, AND ORDER

In this Rule 74 appeal, appellant Damien Emerson challenges a decision of the Department of Corrections to interrupt his community supervision furlough for 180 days. A bench trial was held on November 14, 2025, at which no evidence or testimony was presented.[1] For the reasons that follow, the Department's decision is affirmed.

### Findings of Fact

The following findings are based on the Agency Record filed on August 28, 2025. Damian was released on community supervision furlough on November 8, 2024, subject to conditions including Condition 4 ("I will report to my supervising officer, or designee, as required."), Condition 11 ("I will be accessible to my supervising officer, or designee, via telephone . . ."), Special Condition 15 ("I will participate in electronic monitoring as directed by my supervising officer, or designee. . . ."), and Special Condition 23 ("I will abide by any curfew imposed by my supervising officer, or designee. . . ."). AR 5, 9-10.

On January 20, 2025, Damian was placed on GPS monitoring for 30 days after he had threatened his former roommate. On February 10, Damian was confirmed to have been drinking alcohol in violation of one of his conditions and was placed on SCRAM monitoring for 30 days. On April 9, he was confirmed to have been drinking again and was again placed on SCRAM monitoring for 30 days. On April 18, the monitoring revealed that Damian had been drinking again, and he was directed to contact a treatment provider for recovery planning. On May 9, Damien's curfew was modified because of his failure to complete the prior graduated sanction. On May 29, Damian was placed on a 24-hour curfew (except for work, treatment, and legal appointments) and GPS monitoring for 30 days because of his failure to follow-up with recommended treatment. On June 13, Damien visited the Department's office to get his SCRAM

---

[1] Exhibits were filed the morning of the bench trial by both parties. At the outset of the hearing, appellant's counsel withdrew appellant's proposed exhibits and objected to appellee's submission of a supplemental agency record, which appellee then withdrew. To avoid unnecessary disputes like this, counsel should confer in advance of trial about evidentiary issues and file any proposed exhibits at least three business days in advance of the hearing, as directed on the court's standard notice-of-hearing form. *See* Webex / Hearing Order (Sept. 29, 2025).

removed and made an appointment for June 16. On June 14, Damien cut off his GPS bracelet and left it by the side of the road in West Charleston. The Department made multiple attempts to contact or locate Damien on June 16 but was unable to do so. Damian failed to report for the June 16 appointment. A Commissioner's warrant was requested on July 1, and Damien was returned to custody the same day.

Damien received a notice-of-suspension report that alleged violations of the conditions quoted above, and indicated a hearing would be held no later than July 8. No hearing report is included in the Agency Record. A case staffing was held on August 6. The report indicates that Damien violated Conditions 4 and 11 and Special Conditions 15 and 23, and notes that the case-staffing committee reviewed the "facts and findings," among other materials. AR 3.

The Department applied Policy 430.11 to interrupt Damian's furlough for 180 days on account of his moderate risk score and this being his first significant violation. The Department found a significant violation based on the following factors: "There is a pattern of risk-related behavior where previous interventions have failed to mitigate the risk," and "There is a pattern or history of behavior that continues after the exhaustion of lower-level graduated sanctions have failed to gain the supervised individual's compliance." *See* AR 3; Policy 430.11(C)(2)(c)(v), (vi). The Department "reviewed for aggravating and mitigating factors" but found none "persuasive." AR 3. This appeal followed.

### Conclusions of Law

"An offender whose community supervision furlough status is revoked or interrupted for 90 days or longer for a technical violation shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure." 28 V.S.A. § 724(c)(1). "The appellant shall have the burden of proving by a preponderance of the evidence that the Department abused its discretion in imposing a furlough revocation or interruption for 90 days or longer," and the appeal "shall be limited to determin[ing] whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion." 28 V.S.A. § 724(c)(1), (3). An agency abuses its discretion when it "declines to exercise its discretion or has done so on untenable or unreasonable grounds." *In re McNamer*, 2024 VT 50, ¶ 18.

Damien argues the Department abused its discretion because (i) the Agency Record fails to support the Department's finding of any violation; (ii) there was no basis to find a "significant violation" that warranted a return to custody under Policy 430.11; and (iii) the Department failed to consider mitigating circumstances related to Damien's alcoholism. The court finds no abuse no abuse of discretion.

Although the Agency Record failed to include the report from the violation hearing, which appears to have been a clerical oversight, the "facts and findings" from that hearing are referenced in the case-staffing report, and the report's "Narrative of Violation" and "Explanation of Decision" sections leave no doubt that a violation was found. Damian presented no

contradictory evidence. In a Rule 74 furlough appeal, the appellant must prove their claim by a preponderance of evidence. Damian has not done so.

The Agency Record further supports the Department's finding of a significant violation as there is a well-documented record of graduated sanctions and prior interventions that failed to gain Damian's compliance before he was returned to custody.

Finally, the Department did not abuse its discretion by failing to reduce the 180-day interruption on account of Damian's alcoholism. Damian's struggles with alcoholism pervade the record. There is no basis to presume the Department overlooked this factor. Damian repeatedly failed to follow treatment recommendations and consistently evaded the interventions the Department put in place to help him address his alcohol problem. On these facts, the Department was not required to reduce Damian's interruption on account of his alcoholism.

## Order

The Department's decision is AFFIRMED.

Electronically signed on: 11/18/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge